GERARDINA W. BOUWMEESTER, ADMINISTRATRIX, v. THE
GRAND RAPIDS & INDIANA RAILROAD COMPANY.

[See 63 Mich. 557.]

*Negligence—Willful injury to person walking upon railroad track—
Contributory negligence.*

1. If an engineer, knowing that the whistles and bells are not sufficient to warn a traveler walking on the railroad track of his danger, and being able to stop his train before reaching him, runs recklessly upon him, the contributory negligence of the traveler will not avail against such criminal conduct of the engineer.

2. The negligence of a traveler killed while walking upon a railroad track without permission, and regardless of the danger signals given by the engineer of the approaching train, will bar a recovery by his administrator, unless it is established that the engineer saw and understood the danger to him, and recklessly ran the train upon him without doing what he could to stop and avoid the injury.

Error to superior court of Grand Rapids. (Parrish, J.) Argued June 24, 1887. Decided October 6, 1887.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion, and in the former report of the case, found in 63 Mich. 557.

*Fred A. Maynard* and *Lincoln B. Livingston,* for appellant.

*T. J. O'Brien* and *J. H. Campbell,* for defendant.

MORSE, J. This cause was before this Court in the October term, 1886, and will be found reported in 63 Mich. 557. The cause, as then presented, rested upon the statement of facts made by the counsel for the plaintiff in his opening to

the jury. We then held that such statement, if proved, entitled the plaintiff to a recovery.

The cause has since been tried in the superior court for the city of Grand Rapids, and the jury, under the instructions of said court, rendered a verdict in favor of the defendant. The plaintiff brings error.

The undisputed facts, as developed upon the trial, are as follows:

Peter Brandel, the deceased, was a native of Holland, and 39 years of age at the time of his death. He was a man of family, and lived about a mile south of the car-shops, where he was employed, said car-shops being located at or near the southern boundary of the city of Grand Rapids. He was a sober, industrious man, and a good workman. His nearest and easiest route to his home was along the track of the defendant, it being considerably out of his way to follow any of the roads leading out of the city in his direction. He had been in the habit of using the railroad track in going to and from his work for a long time. Some other people living near him also used the track for a like purpose. It does not appear that any permission was ever given him or any one else to so use the railroad track, nor that they were expressly forbidden by any one to do so.

The train which struck and killed him was admitted to be behind time. It usually passed the car-shops before he left his work.

On the afternoon of December 7, 1881, while Brandel was going home as usual upon this track, he was run over and instantly killed.

The engineer saw him upon the track about the time the train should have whistled for a crossing, and gave the usual whistle. When he came within 40 rods of deceased, he again whistled sharp and full. Brandel paid no attention to it, and, when the train was within about 300 or 400 feet of him, the engineer sounded the danger whistle until the

engine struck the deceased. This whistle was so sharp and strong that it called the attention of several people to it, and one Abel Staal, the only person who witnessed the accident besides the train hands, testifies that—

"They whistled so hard that I thought it was funny the man didn't get off the track. * * * The whistles were blowing so loud I felt like hollering to the man to get off the track. I put my fingers in my ears so as not to hear the sharp sound."

Brandel was a man in the full possession of his senses, but had spells of being absent-minded. He was walking with a book under his arm and a dinner-pail in his hand, and seemed to pay no attention to anything until just as the train struck him; then he turned his head.

He was most certainly, under all the authorities, guilty of contributory negligence in thus walking in such a dangerous place without taking any care or precaution whatever for his safety. The evidence is conclusive that if he had exercised any caution at all, or been at all on the alert for danger, he must have heard the whistles in time to have saved himself by stepping off the track.

We held when the case was here before, taking the statement of the plaintiff's counsel in his opening to the jury to be true, as we were obliged to do, that he was on the track by permission; that he was unconscious of the approach of the train, which fact was known to the engineer; that knowing he was thus unconscious, and having plenty of time to stop before reaching him, the engineer negligently and recklessly ran the train at full speed upon him; that when the engineer saw that the whistles had no effect upon him, and knew that he did not hear them, it was his duty to "slow down his train, and, if necessary to preserve life or limb, come to a full stop."

The case was decided expressly upon the ground that the engineer, knowing that the whistles and bells were not suffi-

cient to warn Brandel of his danger, and being able to stop his train before reaching him, ran recklessly and heedlessly upon him. In such case the contributory negligence of the deceased would not avail against the criminal conduct of the engineer.

But it appears now, from the evidence of the engineer and others, that he was not aware that Brandel was unconscious of the whistles, or would not heed them, until he was within three or four hundred feet of the deceased. Then he immediately applied the brakes with full force, and made every possible effort to stop the train, at the same time continuing the danger signals. If the engineer and the other witnesses are to be believed, the engineer was neither reckless nor inhuman, but did all that an ordinarily prudent man would have done under like circumstances.

It appears from the testimony, and it is not unlikely or improbable, that quite a per cent. of the people who are daily walking along railroad tracks, and upon them, do not get out of the way or off the track when the whistle is first sounded, and many do not step off the track until the train is pretty close to them. The engineer says he supposed the man must surely have heard the whistle, and would get off, as he had abundance of time in which to do so.

"It is not an unusual thing for them to get off whenever they get ready, without looking around."

It is not to be presumed that this engineer ran recklessly and inhumanly upon the deceased, knowing that he must kill him, and knowing that none of his signals had been heard. The presumption, under the circumstances, naturally would be that the whistles were heard and would be heeded.

Was there any testimony upon the part of the plaintiff tending in any way to rebut this presumption in favor of the engineer and the testimony for the defense?

Mr. Staal, the only witness for the plaintiff who saw the transaction, says that the train whistled a big half mile or three-quarters of a mile from Brandel.

"Could not tell how many whistles they blowed; they kept blowing, not exactly the sharp whistles, but they kept on blowing.

"Q. The whistling was continuous up until the time he struck the man?

"A. They might have stopped for a moment, but they kept on whistling."

He swears that he noticed no slacking of the train until the man was struck, but that the train stopped and backed up after that. He testifies that Brandel had plenty of time to get off after the danger whistles were sounded.

I do not think the fact that Staal did not notice any slacking of the train until Brandel was struck sufficient to authorize any candid jury to find that no effort was made to stop the train as soon as the engineer was reasonably informed that Brandel took no heed, and was unconscious of the whistling, and was in danger. The evidence is overwhelming that such an effort was made, and the fact of the train stopping when it did corroborates the case made by the witnesses for the defense.

The deceased being negligent, the plaintiff could not recover, unless it was established that the engineer saw and understood the danger to him, and recklessly ran the train upon him without doing what he could to stop and avoid the injury. The evidence is to the contrary.

The judgment must therefore be affirmed.

The other Justices concurred.