PISKOROWSKI *v.* DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY CO.[1]

RAILROADS—INJURY TO DEAF PERSON—HAND-CARS—FLAGMEN.

A hand-car crew employed by defendant, while moving south on a track used for north-bound trains, observed plaintiff ahead of them, walking beside the track at a sufficient distance from the rail to permit of their passing him in safety. The men shouted to plaintiff several times, but, although he gave no signs of heeding them, made no effort to stop the car before it caught up with him, and he, having failed, because of deafness, to hear the warnings, turned upon a cross-walk abruptly in front of the car, and was struck by it and injured. Plaintiff had previous knowledge that a flagman, whom he saw standing in the door of the flaghouse, was employed to give warning of approaching trains, and relied upon the fact that no signal was given him as indicating that the track was clear. *Held,* that, inasmuch as plaintiff was in a place of safety up to the moment of the accident, neither the car crew nor the flagman was negligent in assuming that he heard the warnings.

Error to Wayne; Lillibridge, J. Submitted June 8, 1899. Decided October 3, 1899.

Case by Anthony Piskorowski against the Detroit, Grand Haven & Milwaukee Railway Company for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*William E. Fenwick* and *A. B. Hall,* for appellant.

*L. C. Stanley (E. W. Meddaugh* and *Geer & Williams,* of counsel), for appellee.

MONTGOMERY, J. On the 15th day of September, 1897,

---

[1] Rehearing denied January 23, 1900.

between 5:30 and 6 o'clock in the afternoon, the plaintiff, a laboring man, about 42 years of age, and quite deaf, was returning from his work to his home.   At Superior street, in the city of Detroit, the plaintiff turned upon the track of the defendant company, upon which he intended to walk to Alexandrine avenue, one block south, where he had a message to deliver to a man who lived close to the track.   Between Alexandrine avenue and Superior street there are three tracks,— two main tracks and a side track. The plaintiff knew that trains going north ran on the easterly main track, and trains going south ran on the westerly main track.   As he was going south, he therefore walked on the easterly track, so that, in case he was in danger of being struck by a train, he could see it approaching.   He walked along the ties a few inches from the west rail of the easterly main track.   When the plaintiff turned upon the track of the defendant company, he looked in both directions, and saw nothing approaching, but he did not turn again until he came to Alexandrine avenue. When about 30 steps from Alexandrine avenue, plaintiff looked around for a watchman, and saw none; but, when he reached the sidewalk, he saw the flagman in the door of the flaghouse, cleaning lamps.   Plaintiff had previous knowledge that a flagman was stationed at this crossing. He turned abruptly on the sidewalk to cross the easterly main track, along the ties of which he had been walking. As he stepped across the rail he was struck by a hand-car of defendant company coming from behind, and was severely injured, his leg being crushed and rendered useless.   The hand-car was propelled by four men, with a foreman in charge of a hand-brake.   When the plaintiff was about 10 feet from the Alexandrine-avenue crossing, and the hand-car was about 30 feet in the rear of plaintiff, the men on the hand-car shouted to him a warning, which he did not hear, and to which he paid no attention.   When between 12 and 15 feet away from the plaintiff they again shouted, and plaintiff again failed to pay any attention, and the men on the hand-car made no effort to slow up.

The men on the hand-car shouted a third time just before they struck the plaintiff. The testimony of one of the men, still in the employ of defendant company, was that the car was going very slow, and could be stopped within a few feet. When the plaintiff was struck he was upon the sidewalk of Alexandrine avenue, and had turned upon the sidewalk to cross the track. After plaintiff had submitted his case, upon motion of defendant's attorney the learned trial judge directed a verdict for the defendant, to which ruling of the court the plaintiff assigns error.

Two grounds of recovery are urged in this court: *First*, that defendant's employés were guilty of gross and wanton negligence in running down the plaintiff, such as to excuse contributory negligence on the part of the plaintiff if the jury should find such negligence; and, *second*, that the flagman was guilty of negligence in failing to warn plaintiff of the approaching hand-car, and that the plaintiff, having the right to rely upon the flagman to give him warning, was not guilty of negligence in failing to look before stepping in front of the hand-car.

1. The evidence shows that the plaintiff, while pursuing his course near the track, was 8 to 10 inches from the rail, and there is no testimony that the hand-car had any overhang. It is asserted by defendant's counsel that, as a matter of fact, there was none, and it is not claimed by plaintiff's counsel that there was. He was then in a place of safety, if he pursued the course he was in when discovered by defendant's servants. We think negligence cannot be imputed to defendant's servants in not knowing of plaintiff's deafness, and in not assuming that he would ignore the warning given him. In this respect the case is quite similar to *Bouwmeester* v. *Railroad Co.*, 67 Mich. 90. See, also, *Fritz* v. *Railway Co.*, 105 Mich. 54.

2. Was it the duty of the flagman to give warning? It seems to us that this question is governed by the same considerations which rule the former. Assuming that the flagman saw the approaching hand-car, and that he saw plaintiff approaching along the track, and that he heard

the outcry, he would be justified in drawing the same inference that the men aboard the hand-car evidently did, viz., that the plaintiff knew of the approach of the hand-car, and therefore needed no further warning.    This clearly distinguishes this case from *Richmond* v. *Railway Co.*, 87 Mich. 374, in which case the necessity of a warning to deceased was apparent to the flagman, and the flagman neglected the duty of giving notice of an approaching train.    In that case it was his duty to know that plaintiff's intestate was in a. position to require warning.    In this case, had he known all the facts, he would not be required to assume that plaintiff would ignore the warning already given, or that he would change his course so as to come in contact with the car.

Judgment affirmed.

The other Justices concurred.