GERARDINA W. BOUWMEESTER, ADMINISTRATRIX, v. THE
GRAND RAPIDS & INDIANA RAILROAD COMPANY.

*Negligence—Willful injury—Duty of engineer of train—When
contributory negligence immaterial.*

1. Under the opening statement of plaintiff's counsel (see opinion,
   pp. 558-560),—
   *Held,* that the deceased was rightfully on defendant's railroad
   track, and by defendant's permission.

2. Where the engineer in charge of a railroad train discovers a per-
   son on the track, and finds that he fails to heed the usual signals,
   or to recognize the peril of his situation, it is the duty of the
   engineer to come to a full stop, if necessary to preserve life or
   limb, and he is able so to do; and the contributory negligence of
   the party injured cannot be relied on as a defense in such a case,
   nor in any case where the action of the defendant is wanton,
   willful, or reckless in the premises, and injury ensues as the
   result.

Error to superior court of Grand Rapids. (Parrish, J.)
Argued October 7, 1886. Decided November 11, 1886.

Case. Plaintiff brings error. Reversed. The facts are
stated in the opinion.

*Fred A. Maynard* and *Lincoln B. Livingston (J. C. Fitz
Gerald,* of counsel), for appellant.

*T. J. O'Brien* and *J. H. Campbell,* for defendant.

[The authorities are so fully cited in opinion that abstracts
of briefs of counsel are omitted.—REPORTER.]

SHERWOOD, J. The deceased in this case, on the seventh
day of December, 1881, was, and for a long time previous
thereto had been, in the employ of the defendant at the city
of Grand Rapids as foreman in one of the paint-shops, and
lived with his family about a mile south of defendant's shops

on the line of its railroad. In going to his home, and coming therefrom, he was accustomed to walk upon the railroad track, it being much the shortest distance to travel, and this he did with the knowledge and permission of the defendant.

On the afternoon of the seventh of December, aforesaid, he was returning to his home after the labors of the day, and, while walking upon the track, one of the passenger trains of the defendant, going in the same direction, apparently unobserved by Mr. Brandel, came upon him, killing him instantly.

This suit is brought by his administratrix, in the interest of his wife and children, to recover for the loss sustained by them in his death, which it is alleged occurred through the negligence and recklessness of the servants of the defendant in charge of and conducting the train.

The case was tried in the superior court of Grand Rapids, and the verdict of the jury was directed by the court for the defendant.

On the trial of the cause counsel for the plaintiff, in opening his case to the jury, stated to them that the plaintiff would show in evidence the following facts, upon which they should rely for recovery, viz. :

That the deceased, at the time of his death, was 39 years old, was a native of Holland, and had lived in this country 14 years; that he was an educated, cultured, skillful man and workman; that for several years previous to his death he had been employed in railroad shops, and at the time of his death was in the employ of the Grand Rapids & Indiana Railroad Company as foreman, and had entire charge of the painting department at the car-shops of the company; that he was a sober and industrious man; that the car-shops were located at the southern boundary of the city, and that the home of the deceased was about a mile south of the shops; that he had for months previous to his death been in the habit of going upon the railroad track in returning to his home after

his work was done, and that it was so inconvenient and diffi-cult to go by the ordinary route of travel it was almost a necessity for men living where he did to walk on the track; that these facts were all known to the defendant, and the use of the track thus made by the men was permitted; that the track was in a straight line from the shop to the home of the deceased; that on the afternoon of December 7, 1881, after the deceased had finished his day's work, and while returning to his home upon the defendant's track as usual, he was overtaken by a train, and run over and instantly killed by the locomotive; that the usual and schedule time for the train was 4:45 P. M., and this was known to the deceased; that his work for the day closed after that time, and during the time he was in the habit of going home no train was accustomed to pass upon the road; that upon this particular afternoon the train was late; that the afternoon was clear, and the course was straight and free from obstructions; that those in charge of the engine which killed the deceased saw him on the track three-quarters of a mile away; that the engineer rang the bell and blew the whistle as the train approached the deceased; that he was unconscious that the train was approaching, and that this was known to the engineer; that the deceased did not hear the signals, and that his actions were such as to convince any engineer or fireman of that fact; that Mr. Brandel was uncon-scious of the approach of the train till he was struck; that he could be seen upon the track the entire distance, and that those in charge of the train saw him, and his exposed condi-tion, and that he was upon the track, and after they knew, or had good reason to know, that he was unconscious of the train's approach they did not slacken the speed of the train, nor take any proper measures to stop the train, in time to prevent killing the deceased; that after they saw that the alarm bell and whistle were not heeded by Brandel, and knew it was necessary to stop the train to save his life, and knew that they could stop it, they negligently failed to do so,

and that the death of Brandel was caused directly and solely by the reckless management of the locomotive engine by the defendant's servants in charge thereof; that they saw him a half mile away before the accident occurred, and that, after the engineer knew that the deceased was unconscious of the approach of the engine, he had time to stop the train.

After this statement of facts to the jury of what the plaintiff expected to prove upon the trial, defendant's counsel objected to the introduction of any evidence by the plaintiff tending to show those facts, on the ground that they failed to state a cause of action against the defendant. After argument had upon the objection, the court sustained the same, and plaintiff's counsel excepted. The parties here rested the case, and the court directed the verdict as hereinbefore stated.

I think the court erred in this ruling. The holding was that Brandel was guilty of such contributory negligence as to prevent a recovery.

The deceased, under the statement made, was rightfully on the defendant's track. He was there by permission from the defendant. It is true it was his duty to keep out of the way of passing trains.

But if he had stood still, and faced the train as it approached him, it would furnish no excuse to the defendant for running its engine over him and killing him, if the engineer saw he did not intend to get off of the track, and there was time enough to stop the train before reaching him. Contributory negligence cannot be relied upon in such a case. Neither can it in any case where the action of the defendant is wanton, willful, or reckless in the premises, and injury ensues as the result. 2 Thomp. Neg. 1160; Cooley, Torts, 674; Beach, Cont. Neg. 29; *Hartfield v. Roper*, 21 Wend. 615; *Vandegrift v. Rediker*, 22 N. J. Law, 185; *Lafayette, etc., R. R. Co. v. Adams*, 26 Ind. 76; *Indianapolis, etc., R. R. Co. v. McClure*, Id. 370; *Mulherrin v. Delaware, etc., R. R. Co.*, 81 Penn. St. 366; *Norris v. Litchfield*, 35 N. H. 271; *Daley*

v. *Norwich, etc., R. R. Co.*, 26 Conn. 591; *Chicago, etc., Ry. Co. v. Donahue*, 75 Ill. 106; *Litchfield Coal Co. v. Taylor*, 81 Id. 590; *Claxton's Adm'r v. Lexington, etc., R. R. Co.*, 13 Bush, 636; *Brown v. Hannibal, etc., R. R. Co.*, 50 Mo. 461; *Macon, etc., R. R. Co. v. Davis*, 18 Ga. 679; *State v. Manchester, etc., R. R.*, 52 N. H. 528; *Cooper v. Central R. R. Co.*, 44 Iowa, 134; *Kerwhacker v. Cleveland, etc., R. R. Co.*, 3 Ohio St. 172; *Munroe v. Leach*, 7 Metc. 274; *Baltimore & O. R. R. Co. v. State*, 33 Md. 542; *Trow v. Vermont Cent. R. R. Co.*, 24 Vt. 494; *Lake Shore & M. S. R. R. Co. v. Miller*, 25 Mich. 288.

Under the statement it very clearly appears that the defendant's servants gave all the warnings they could without stopping the train, and they saw that Brandel gave no heed to them. They then had time to stop their train if necessary to prevent accident, and in all such cases, where a person is discovered upon the track, and it is seen that he fails to recognize the peril of his situation, and the warnings given thereof, it is the duty of the engineer, and humanity requires, that he should slow down his train; and, if necessary to preserve life or limb, come to a full stop. 2 Thomp. Neg. 1157, and cases cited; Beach, Cont. Neg. 29, and cases cited; *Green v. Erie Ry. Co.*, 11 Hun, 333; *Radley v. London & N. W. Ry. Co.*, 1 App. Cas. 754; Shear. & R. Neg. § 36; Add. Torts, 21.

That is what the engineer should have done in this case, and his failure so to do must be held at least reckless.

After a careful examination of the record in this case I can come to no other conclusion. I think the judgment directed by the judge of the superior court should be set aside, and a new trial granted.

The other Justices concurred.