[Civil No. 1108. Filed April 2, 1910.]

[108 Pac. 262.]

THE SOUTHERN PACIFIC RAILROAD COMPANY, a Corporation, Defendant and Appellant, v. HANS SVENDSEN, Plaintiff and Appellee.

1. RAILROADS—EJECTION FROM TRAIN—ACTIONS—PLEADING—PRESUMPTIONS.—If one suing a railroad for injuries through being ejected from a freight train was on the train by virtue of any contractual relation, either express or implied, it was incumbent on him to set it up in his complaint, and in the absence of such averment, he will be assumed to have been a trespasser whom defendant's trainmen might lawfully eject, using a reasonable degree of force.

2. SAME — INJURIES TO TRESPASSER — PRESUMPTIONS.—In an action against a railroad for damages to plaintiff by his ejection from a freight train, defendant's trainmen, in the absence of a contrary showing, will be presumed to have acted within the scope of their employment.

3. SAME—EJECTION OF TRESPASSER—WANTON AND WILLFUL INJURY.— A railroad is liable where its trainmen, in ejecting a trespasser from a freight train, exceeded their rights and inflicted wanton and willful injury.

4. SAME—EJECTION FROM TRAIN—COMPLAINT—SUFFICIENCY.—A complaint, alleging that while plaintiff was riding on defendant's freight train, which was moving at a high rate of speed, one of defendant's brakemen, without cause and acting under defendant's instructions, assaulted plaintiff and by threats, etc., compelled plaintiff to jump from the train to the ground, whereupon plaintiff was injured, sufficiently stated a cause of action.

5. SAME—SAME—PLEADING.—In an action against a railroad for injuries to plaintiff through being ejected from a moving freight train by defendant's trainmen, it was unnecessary for plaintiff to allege or prove youth or inexperience in jumping from moving trains, and, in the absence of specific allegations with respect thereto, plaintiff

would be presumed to have been possessed of only ordinary skill and experience.

6. SAME—SAME—WANTON AND WILLFUL INJURY.—That defendant railroad's trainmen, while the train was moving rapidly, forced plaintiff to jump from the train, constituted wanton and willful misconduct.

7. SAME—SAME—INSTRUCTIONS—"VOLUNTARILY."—In an action against a railroad for injuries to plaintiff by being forced to jump from a moving freight train, the use of the word "voluntarily," in an instruction that, if plaintiff voluntarily jumped from the train on the direction of the brakeman, he was guilty of contributory negligence, etc., was liable to mislead the jury.

8. SAME—EJECTION OF TRESPASSER—INSTRUCTIONS—"WANTON."—In an action against a railroad for injuries to one ejected from a moving freight train, the definition of the word "wanton," in an instruction that "by wanton or willful injury is meant an injury deliberately and intentionally inflicted, or that the person or persons inflicting the injury acted with such utter disregard of plaintiff's safety that such an intention to injure him may be inferred therefrom," was too narrow in its scope.

9. TRIAL — INSTRUCTIONS — INSTRUCTIONS COVERED.—The refusal of instructions covered by the given charge is not error.

10. RAILROADS—EJECTION OF TRESPASSER—INSTRUCTIONS.—In an action against a railroad for injuries to one ejected from a moving freight train, the jury could not have been misled, by the use of the words "and use ordinary care," in an instruction that, if trainmen in removing a trespasser use no more force than is reasonably necessary and use ordinary care, the railroad is not liable, into believing that defendant would necessarily be liable for want of ordinary care, where the court further charged that plaintiff was a trespasser, and that defendant owed him no duty except not to wantonly or willfully injure him.

11. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — AGGRESSIVE ACTS.—The doctrine of contributory negligence has no application in cases of aggressive acts resulting in wanton or willful injury.

12. RAILROADS—EJECTION OF TRESPASSER—CONTRIBUTORY NEGLIGENCE—FEAR.—When, by the negligence or misconduct of one, another is suddenly put in peril, and while under an apparently well-grounded fear seeks to escape and suffers injury from another source, the author of the original peril is answerable for resulting consequences, provided that in attempting to escape the injured person exhibited such conduct as might reasonably have been expected from an ordinarily prudent person under similar circumstances, and hence, to entitle a trespasser on a moving freight train to recover for damages through being ejected therefrom, it is not necessary that the conduct of the trainmen was such as to cause plaintiff to lose his judgment and self-control to the point of automatic action.

APPEAL from a judgment of the District Court of the First Judicial District, in and for Pima County. John M. Campbell, Judge. Affirmed.

The facts are stated in the opinion.

Frank Cox and Alfred Franklin, for Appellant.

A railroad company owes trespassers no contract duty. The general rule is that it owes them no duty except not to willfully injure them, and this rule applies to those who are attempting to steal a ride or otherwise trespass upon the company's care. If the plaintiff was a trespasser upon a car of the defendant, the defendant owed him no duty except to refrain from willfully or wantonly injuring him. *Banks* v. *Highland St. Ry.*, 136 Mass. 485; *Planz* v. *Boston & Albany R. R.*, 157 Mass. 377, 32 N. E. 356, 17 L. R. A. 835; *Mugford* v. *Boston and Maine Ry.*, 173 Mass. 10, 52 N. E. 1078; *Massell* v. *Boston Ry. Co.*, 191 Mass. 491, 78 N. E. 108. A trespasser receiving an injury can recover, if at all, only when the injury was wantonly and willfully inflicted, and when no physical force is used, the conduct of the trainmen must be of such an aggravated character as to impair the mental and physical ability of the injured person to take care of himself and preclude any voluntary action whatsoever on his part.

A. A. Worsley, for Appellee.

DOE, J.—This is an action brought to recover damages for injuries resulting to plaintiff through his forcible ejectment from a moving freight train of defendant, by its train crew. To which defendant interposed a general demurrer, a general denial, and a plea of contributory negligence. The general demurrer being overruled, the cause was tried by a jury, which returned a verdict for plaintiff in the sum of $2,000, in accordance with which verdict judgment was rendered. From the order overruling a motion for a new trial, and from the judgment, defendant prosecutes this appeal.

The overruling of the demurrer, the overruling of defendant's objections to the introduction of evidence on the grounds set up by the demurrer, the refusal of the court to give cer-

tain instructions asked by defendant, the giving of others, that the verdict is unsupported by and contrary to the evidence, and the overruling of the motion, constitute the assignments of error.

Had plaintiff been upon the cars of the defendant by virtue of any contractual relation, either express or implied, it was incumbent on him to set it up in his complaint, and, in the absence of such averment, he must be assumed to have been a trespasser whom defendant's conductor and brakeman might lawfully eject, using a reasonable degree of force to accomplish such purpose. In the absence of any contrary showing, the conductor and brakeman will be presumed to have acted within the scope of their employment, and, if they are shown to have exceeded their right to the extent of inflicting wanton or willful injury, the defendant is liable therefor.

While counsel for appellant, in their opening brief, apparently assert that the complaint is insufficient, in that it fails to allege in express terms that the injury complained of was wantonly or willfully inflicted, yet in their reply brief they concede that it is sufficient if facts are pleaded from which wantonness or willfulness is necessarily implied, but insist that the allegations of the complaint are insufficient to show either wantonness or willfulness. The allegations of the complaint in this regard are as follows: ''That while plaintiff was riding on said train, and while said train was moving at a high rate of speed, Ben Finn, one of the brakemen on said train, without cause or provocation, acting under orders and instructions from the said conductor of said train, and acting under orders and instructions from said defendant company, assaulted plaintiff, and by threats, intimidations, and force compelled plaintiff to jump from said train to the ground. That when the plaintiff struck the ground he was thrown violently off his feet, striking the ground with his face and then rolled and tumbled with great force.'' And that in said fall plaintiff was thrown under the wheels of said train while it was in rapid motion, and one of his legs was cut off between the knee and the hip, and various other injuries named inflicted.

This, we think, constitutes a sufficient allegation of ultimate facts to state a cause of action. It was unnecessary for

plaintiff to allege or prove youth or inexperience in jumping from moving trains. In the absence of specific allegations with respect thereto, the plaintiff must be presumed to have been a person possessed of neither more nor less than ordinary skill and experience. It is a matter of common knowledge of which the brakeman, by reason of his occupation, could not have been ignorant, that for a person possessed of ordinary skill and experience to jump from a rapidly moving train will naturally and probably result in injury. The alleged acts of the brakeman show, at the least, a reckless disregard for the safety of the plaintiff and an indifference to results such as to establish wantonness and were clearly wanton and willful, as we have defined those words in *Conchin* v. *El Paso & Southwestern Railroad Co., post,* p. 259, 108 Pac. 260.

The fourth and fifth assignments of error are based upon the refusal of the court to give the following instructions asked by appellant:

"I further instruct you, gentlemen, as a matter of law, that from the fact that this plaintiff boarded the moving train of defendant, without any right or authority whatever, he was a trespasser, and that fact alone was contributory negligence. The plaintiff, having wrongfully boarded the defendant company's train, defendant owed him no duty except not to willfully and wantonly injure him; and I instruct you as a matter of law that, if he voluntarily jumped from said train on the direction of the brakeman that he would have to get off, he was guilty of contributory negligence, and, if you believe from the evidence that this is the fact, you will ·find for the defendant.

"By wanton or willful injury is meant an injury deliberately and intentionally inflicted, or that the person or persons inflicting the injury acted with such utter disregard of the plaintiff's safety that such an intention to injure him may be inferred therefrom."

And the sixth and seventh assignments upon the giving of the following instructions:

"If the jury believe from the evidence that the plaintiff was ordered to jump from said train by the brakeman, and was threatened with violence if he did not so jump, while the train was in motion, and the appearance at the time was such as to lead an ordinarily prudent and careful man to

the conclusion that violence would be used by said brakeman of said company on said train, and the brakeman was acting within the general scope of his duties, then the plaintiff was not required to wait until actually forced from said train by violence, and it can make no difference, under this set of circumstances, whether he was ejected by actual force or by threats, if he jumped from said train at the command of an employee of said company, when he saw a brakeman coming toward him, and threatening to throw him off, if he did believe that force would immediately be used to eject him.

"It is the right of the employee of a railroad company, in charge of a train, on discovering a trespasser thereon, to remove him from the train, and if, in doing so, they use no more force than is reasonably necessary to effect such removal, and use ordinary care, the railroad company is not liable to the trespasser for any injuries resulting from such removal."

The word "voluntarily," as used in the first of these requested instructions, was liable to mislead the jury, and the definition of the word "wanton" in the second is too narrow in its scope. In any event, the law on the point attempted to be covered by these requested instructions is fully and correctly stated by the court in other portions of its charge. The first instruction given that is complained of is unobjectionable, and while the second, standing alone, might be subject to the criticism that, by the use of the words "and use ordinary care," the jury might have been led to believe that the defendant would necessarily be liable for the want of ordinary care, the jury could not have been misled by the language complained of because the court further charged that the plaintiff was a trespasser upon the train, and that the defendant owed him no duty except not to wantonly or willfully injure him.

The court further charged in defendant's behalf that:

"If the jury believe from the evidence that the plaintiff was directed by one or more of the employees of the defendant in charge of the train to get off the train, and in response to such direction alone, without fearing force, and having reasonable ground to fear that force would be immediately used to eject him, the plaintiff attempted to get off the train, and in so doing was injured, the plaintiff cannot recover.

"If the jury believe from the evidence that the plaintiff jumped from the moving train, not in consequence of any force or threats used by the employees in charge of the train, but in response to a direction to get off the train and from his own consciousness of his fault in attempting to steal a ride, the plaintiff cannot recover; or, if such consciousness of wrongdoing was one of the causes which induced him to jump from the train, he cannot recover."

Counsel for appellant urge that the plaintiff is shown to have been guilty of contributory negligence sufficient to prevent a recovery. The doctrine of contributory negligence, however, has no application in cases of aggressive acts resulting in wanton or willful injury. "The doctrine that contributory negligence will defeat recovery has no application where the injury is the result of the willful, wanton, reckless conduct of defendant." 29 Cyc. 509.

In *L. S. & M. S. Ry. Co.* v. *Bodemer*, 139 Ill. 607, 32 Am. St. Rep. 218, 29 N. E. 695, the court says: "Contributory negligence, such as that of a trespasser upon a railroad track, cannot be relied on 'in any case where the action of the defendant is wanton, willful or reckless in the premises, and injury ensues as the result.' *Bouwmeester* v. *G. R. & I. R. R. Co.*, 63 Mich. 557, 30 N. W. 337; *Central R. R. Co.* v. *Denson*, 84 Ga. 774, 11 S. E. 1039."

In *Birmingham Railway & Electric Co.* v. *Pinckard*, 124 Ala. 372, 26 South. 880, the court says: "The seventh charge requested by the defendant and refused by the court was not limited to the first count, which charged simple negligence. If the defendant was guilty under the second count, which charged wanton or intentional wrong, then there was an absence of negligence, and there could be no such thing as contributory negligence. Contributory negligence presupposes negligence. The charge under the second count was clearly bad, and, as it was not confined to the first count, was properly refused."

In *Indianapolis Union Ry. Co.* v. *Boettcher*, 131 Ind. 82, 28 N. E. 551, the supreme court of Indiana, referring to *Pennsylvania Co.* v. *Sinclair*, 62 Ind. 301, 30 Am. Rep. 185, says: "In this latter case it is held that where an intent, either actual or constructive, to commit an injury, exists at the time of its commission, such injury ceases to be a

merely negligent act, and becomes one of violence and aggression; and that when the injury sued for is alleged, either in terms or in substance, to have been willfully or purposely committed, contributory negligence ceases to be a defense.''

The supreme court of Missouri, in *Holwerson* v. *St. L. & Sub. Ry.*, 157 Mo. 216, 57 S. W. 770, 50 L. R. A. 850, said: ''This exception proceeds, not upon the theory that the defendant has been guilty of another and independent act of negligence which is the sole cause of the injury and which must be charged as a separate and independent cause of action, but upon the ground that the negligence he was then in the very act of perpetrating was characterized by such recklessness, willfulness, or wantonness as that he shall not be heard to say that the plaintiff was also guilty of contributory negligence. This doctrine, that contributory negligence is no defense to an injury wantonly inflicted, is also stated in Shearman and Redfield on Negligence, fifth edition, section 64, as follows: 'The rule excluding a recovery in cases of contributory negligence is, of course, only applicable to actions founded upon negligence. It is universally conceded that the greatest contributory fault, including a willful trespass, is no defense to an action for willful injuries. Thus a trespasser upon a railroad train, or street-car, who is pushed off, or forced, or frightened, into jumping off, while the train is in motion, is not debarred from recovery by his own fault, either in originally entering the car or in quitting it while in motion.' . . . The same rule is laid down in Beach on Contributory Negligence, third edition, section 64, where the author says: 'When the wrongdoing of the defendant is merely negligence, the contributory negligence of the plaintiff may, as is well understood, operate as a defense; but, when the defendant's conduct is willful, it is no longer negligence, and, when the injury sustained by the plaintiff is the result of the wanton and willful act of the defendant, the question of the plaintiff's contributory negligence as a defense cannot arise. In order to constitute contributory negligence on the part of the plaintiff, there must be negligence on the part of the defendant. It is, accordingly, the settled rule that when the defendant's conduct amounts to willfulness, and when the mischief is occasioned by his intentional and wanton wrongdoing, the plaintiff's negligence is no defense.' ''

It is further contended by counsel for appellant: "The law is that fright is not enough to justify a trespasser in jumping from a train in the face of obvious danger, but that the conduct of the trainmen must be such as to cause the trespasser to lose his judgment and self-control to the point of automatic action, and that the action of the plaintiff in jumping was wholly involuntary." This statement would seem to constitute its own refutation, for, if correct, a trespasser threatened with instant death by an armed brakeman unless he jumped from a moving train, who so jumped, under the reasonable and well-grounded apprehension that his death was otherwise certain, and deliberately chose the probability of a lesser injury, could not recover.

The correct rule is stated in *Woolery, Admr.,* v. *L. N. A. & C. Ry. Co.,* 107 Ind. 381, 57 Am. Rep. 114, 8 N. E. 226, as follows: "When, by the negligence or misconduct of one, another is suddenly put in peril, if the person so imperiled, while under the impulse of an apparently well-grounded fear, seeks to escape, and suffers injury from another source, the author of the original peril is answerable for all the consequences which ensued, provided that in attempting to make his escape the injured person exhibited such conduct as might reasonably have been expected from an ordinarily prudent person under similar circumstances. The inquiry in such a case always is: Did the negligence of the defendant put the injured person to the choice of adopting the alternative of an attempt to escape, or to remain under an apparent well-grounded apprehension of serious personal injury? Did he act with ordinary prudence, considering all the circumstances which surrounded him, or was his injury the result of a rash apprehension of danger which did not exist?"

We find substantial evidence tending to support every essential allegation of the complaint, and, no error appearing in the record, the judgment of the district court is affirmed.

KENT, C. J., and DOAN and LEWIS, JJ., concur.