607 P.2d 31

Moran MENENDEZ and Concepcion Menendez, his wife, Plaintiffs-Appellants,

v.

Nancy Sophia BARTLETT, Defendant-Appellee.

No. 1 CA–CIV 4320.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 3, 1980.

Rehearing Denied Feb. 7, 1980.

Review Denied Feb. 26, 1980.

Monbleau, Vermeire & Turley, P. C., by Albert R. Vermeire, Phoenix, for plaintiffs-appellants.

---

William T. Keane and O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by John H. Killingsworth, Benjamin C. Thomas, Phoenix, for defendant-appellee.

## OPINION

WREN, Presiding Judge.

This is an appeal from a judgment entered on a jury verdict in favor of the defendant in a personal injury action and the denial of motion for a new trial and judgment N.O.V.

Briefly, the facts are as follows. Plaintiff (appellant) Moran Menendez was injured in a single car accident while riding as a passenger in an automobile driven by the defendant (appellee) Nancy Bartlett. Plaintiff filed suit alleging that his injuries were caused by defendant's gross negligence in operating her vehicle while under the influence of intoxicating liquor. The defendant responded, denying liability and interposing the defenses of contributory negligence and assumption of the risk. The matter was tried to a jury, and after both sides had rested plaintiffs moved for a directed verdict on the issues of negligence, gross negligence, contributory negligence and assumption of the risk. The trial court responded by granting the motion as to all issues except assumption of the risk. Thereafter, plaintiffs requested that the following instruction be given to the jury:

> if you find that the defendant was grossly negligent in the operation of her motor vehicle, you should not consider the defenses of contributory negligence or assumption of the risk.

The request was denied and the remaining issues, including assumption of the risk, were submitted to the jury which returned a verdict in favor of the defendant.

Appellants urge on appeal that the granting of plaintiffs' motion for a directed verdict on the issue of defendant's gross negli-

gence also required a directed verdict on the issue of assumption of the risk and that the trial court therefore erred in refusing to give the quoted instruction. They further urge that reversible error was committed by the use of the word "should" in the court's instruction on assumption of the risk.[1]

Appellants point out that it has long been the law in Arizona that a finding of gross negligence automatically precludes consideration of the defense of contributory negligence, *Butane Corporation v. Kirby*, 66 Ariz. 272, 187 P.2d 325 (1947), with the exception that a plaintiff's gross or wanton contributory negligence may be balanced against the gross or wanton negligence of the defendant, so as to bar plaintiff's recovery. *Southern Pacific Transportation Company v. Lueck*, 111 Ariz. 560, 535 P.2d 599 (1975), *See* Restatement (Second) of Torts § 503 (1965). Their argument then continues that since the defenses of contributory negligence and assumption of the risk arise under the identical section of the Arizona Constitution[2] and spring from a common origin, there is no legitimate reason for limiting the above doctrine to the defense of contributory negligence. Consequently, appellants not only seek recognition of a defense of *gross* assumption of the risk, but also argue that a finding of gross negligence precludes consideration of both *simple* contributory negligence and *simple* assumption of the risk.

We first note that not only is this a question of first impression in our jurisdiction, we have been unable to find authority elsewhere which has even considered the proposition. Our task is made less complex, though, by the rule that "where there are no Arizona decisions clearly on point we will follow the Restatement of Law, Torts." *Southern Pacific Transportation Company v. Lueck*, 111 Ariz. at 574, 535 P.2d at 613.

Section 496A, Restatement (Second) of Torts, provides:

> "The defense of contributory negligence or of assumption of the risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

---

1. *RAJI Instruction, Negligence 5A.*

2. Arizona Const. art. 18 § 5:

A plaintiff who voluntarily assumes a risk of harm arising from the negligent or *reckless* conduct of the defendant cannot recover for such harm. (emphasis supplied.)

While the comments to this section of the Restatement recognize that the defenses of contributory negligence and assumption of the risk frequently overlap, they point out that there are significant conceptual differences. Comment d of section *496A* states:

There may be, however, differences between the two defenses. A subjective standard is applied to assumption of the risk, in determining whether the plaintiff knows, understands, and appreciates the risk. (See § 496(d)). An objective standard is applied to contributory negligence, and the plaintiff is required to have the knowledge, understanding, and judgment of the standard reasonable man. (See §§ 464, 289, 290). *Assumption of the risk operates as a defense against liability not only for negligent conduct, but also for reckless conduct*, and conduct for which the defendant is subject to strict liability. Contributory negligence, on the other hand, is not a defense where the defendant's quoted conduct is reckless. (See §§ 482, 503). (emphasis supplied.)

We believe that the above language needs no further clarification. Not only has the Restatement failed to expressly recognize a doctrine of *gross* assumption of the risk, as in the case of gross contributory negligence, *see* Restatement (Second) of Torts §§ 482, 503, but comment d of section *496A* clearly indicates that assumption of the risk is a defense to both negligent and *reckless* conduct.

It is also clear that the distinction embodied in the Restatement between the doctrines of contributory negligence and assumption of the risk has been accepted by our courts. *Chavez v. Pima County*, 107 Ariz. 358, 488 P.2d 978 (1971), *Hildebrand v.*

*Minyard*, 16 Ariz.App. 583, 494 P.2d 1328 (1972); *McGriff v. McGriff*, 114 Ariz. 323, 560 P.2d 1230 (1977).

■ Appellants' final contention is that the trial court erred in giving the following instruction on assumption of the risk:

The defendant claims that the plaintiff assumed the risk, and that his assumption of the risk was a cause of the plaintiff's injury. Whether assumption of the risk is a defense is left to you. If . . . the plaintiff assumed the risk, and if this conduct of each was a cause of the injury, the plaintiff *should* not recover. This means you must decide two things:

(1) whether the plaintiff did assume the risk, and,

(2) if the plaintiff did assume the risk, whether his assumption of the risk should prevent a verdict in his favor.[3] (emphasis supplied.)

Appellants maintain that the use of the word "should" constitutes reversible error because it negates the constitutional requirement that the jury must be completely free to determine the effect of a finding of assumption of the risk.[4]

Appellants' argument is primarily based upon the Supreme Court's decision in *Manhatten-Dickman Construction Company v. Shawler*, 113 Ariz. 549, 558 P.2d 894 (1976) (a pre-RAJI case). There the appellants had contended that the trial court erroneously instructed the jury on the effect of a finding of contributory negligence.

If you find that either or both of the plaintiffs were negligent and that such negligence was a proximate cause of the Plaintiff's injuries, *then your verdict should but need not be in favor of the Defendants* and against the contributorily negligent Plaintiff or Plaintiffs as the case may be. (emphasis supplied.) 113 Ariz. at 555, 558 P.2d at 900.

---

**3.** RAJI Negligence 5A, note the trial court modified the standard instruction by deleting the phrase "If the defendant was negligent" which normally precedes the phrase "and the plaintiff assumed the risk" because the court believed

that it was inappropriate in light of the directed verdict on the issue of gross negligence.

**4.** Ariz.Const. art. 18 § 5, *See* footnote two.

The Supreme Court recognized that the real problem concerned the different meanings attributable to the word "should", but ultimately ruled that

> " 'Should' as used in an instruction on contributory negligence is not to be taken as a word of imperative character so that the province of the jury is invaded as to the weight to be given to the plaintiffs' contributory negligence." (citation omitted.) 113 Ariz. at 555, 558 P.2d at 900.

While the Supreme Court suggested that the use of the word "may" would be preferable in future instructions, they concluded that the trial court's instruction "was correct in that the jury was advised that the word 'should' was not used in the obligatory or mandatory sense." 113 Ariz. at 555, 558 P.2d at 900.

In the later case of *Hurvitz v. Coburn*, 117 Ariz. 300, 572 P.2d 128 (App.1977), which is apparently the only appellate decision interpreting the RAJI contributory negligence instruction and its use of the word "should", the Court of Appeals, Division 2, held that in light of *Manhatten-Dickman*, it was not error to give the "should" instruction.[5] Consequently, our courts have consistently held that an instruction on contributory negligence, and by analogy an instruction on assumption of the risk, is not error if the instruction is given in such a manner as to sufficiently inform the jury that if they find that the plaintiff was negligent they must then determine whether such negligence should preclude recovery. In the present case, the jury was clearly informed that the effect of a finding of assumption of the risk was left to its sole discretion.

Judgment affirmed.

FROEB, J., and STEVENS, J., Retired, concur.

---

5. RAJI, Negligence 5, In pertinent part:

   Whether contributory negligence is a defense is left to you. If both plaintiff(s) and defendant(s) were negligent, and if the negligence of each was the cause of the injury, the plaintiff(s) *should* not recover. This means that you must

decide two things: 1) Whether the plaintiff was contributorily negligent; and 2) If the plaintiff was negligent, whether this negligence *should* prevent a verdict in his favor. (emphasis supplied.)