805 P.2d 392

**Arthur A. BAUER and Donna Bauer, husband and wife, Plaintiffs–Appellees,**

v.

**Dennis Redman CROTTY and Hazel Crotty, husband and wife, Defendants–Appellants.**

**No. 1 CA–CV 89–157.**

Court of Appeals of Arizona, Division 1, Department A.

Jan. 17, 1991.

Douglas & Brown, P.A. by William H. Douglas, Phoenix, for defendants-appellants.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P.A. by

Frank M. Fox and Larry L. Smith, Phoenix, for plaintiffs-appellees.

## OPINION

TAYLOR, Presiding Judge.

Plaintiffs Arthur A. and Donna Bauer (Bauer) brought this negligence action against defendants Dennis Redman and Hazel Crotty (Crotty), alleging that defendant Dennis Crotty had negligently caused plaintiff Arthur Bauer to be injured in a collision with a third vehicle when Crotty made an unsafe left turn in front of Bauer's truck. Crotty contended that Bauer, who was driving with a blood alcohol content of .28 or .29, was guilty of wanton contributory negligence. The jury found that Bauer had been 71% negligent and Crotty 29% negligent, and fixed Bauer's full damages at $98,903.00. Crotty appeals from the judgment entered on the verdict and from the denial of his motion for new trial and motion for judgment notwithstanding the verdict.

The parties present the following issues on appeal: (1) whether there was any evidence from which the jury could have concluded that Bauer's conduct was willful or wanton; (2) whether any error in the trial court's instructions on willful or wanton contributory negligence was immaterial and moot because the jury's comparative award to Bauer necessarily meant that it had found that Bauer's conduct was not willful or wanton; and (3) whether the trial court's instructions erroneously failed to inform the jury that if it found that Bauer had willfully or wantonly caused or contributed to his own injuries, he was not entitled to a comparative negligence recovery and the jury could choose to award him nothing.

## FACTS

The accident occurred on February 13, 1986, in Lake Havasu City, Arizona. On the portion of Lake Havasu Avenue where the accident occured, the road is described as resembling a roller coaster. Bauer was driving a red truck south on that road. He testified that when he reached the crest of a rise in the road, he noticed a car driven by Dennis Crotty coming in the opposite direction with its left turn blinker on. As he passed the crest, Bauer suddenly saw Crotty's car turn left in front of him, and applied his brakes. When he concluded that he was going to hit the side of Crotty's car, he turned left into an opening between the rear of Crotty's car and the rear of a car that had been following it. He then collided with a third car he did not remember seeing.

Heidi Kirn was a passenger in the car that had been following Crotty's car north on Lake Havasu Avenue. She testified that Crotty's car came to a complete stop before turning left. According to Kirn, a red truck that was driving south within the 35 mile per hour speed limit came over the hill, and Crotty's car turned in front of it after it was plainly visible. The red truck did not hesitate in slamming on its brakes. When the truck applied its brakes, Crotty's car was in the southbound lane, and Kirn's car was next to it in the northbound lane. Kirn thought that the truck would hit Crotty's car. In fact, the red truck veered into the northbound lane to avoid colliding with Crotty's car, and barely missed the back of Kirn's car.

Arthur Dion, the driver of the car in which Kirn was riding, testified that Crotty's car started to turn immediately after the red truck appeared over the crest of the hill. According to Dion, the driver of the red truck applied his brakes as soon as he saw Crotty's car make its turn. Dion testified that the driver of the truck had no alternative course of action available that would avoid the collision.

According to Robert Spoerry, a police officer who investigated the accident, Bauer's truck left 40 feet of skid marks that ended in the southbound lane at the north side of the driveway into which Crotty had turned. From the end of the skid marks to the point of impact with the northbound car, there were no additional skid marks. Spoerry stated his opinion that Bauer's truck had been travelling 30 to 35 miles per hour before it braked and 25 miles per hour when it collided with the

northbound car. Accident reconstructionist Edward Maciag testified that Bauer's truck had travelled another 55 feet from where the skidmarks ended to the point of impact. In Maciag's opinion, Crotty's left turn in front of Bauer's truck caused the accident. Although Maciag found no indication that Bauer had reacted erratically or unreasonably to Crotty's left turn, he testified that there was no evidence that Bauer had done anything to avoid colliding with the northbound car after the skid marks ended.

Neither Kirn nor Officer Spoerry noticed the smell of alcohol on Bauer at the accident scene. Karen Webster, a lab assistant at Lake Havasu Hospital, drew blood from Bauer at the hospital after the accident. She testified that she was very uncomfortable doing so.

Q:  Why?

A:  Because he was very obnoxious.

.    .    .    .    .

Q:  Was it your impression he was intoxicated?

A:  Very much so.

Webster testified she smelled a very strong odor of alcohol on Bauer's breath.

Plaintiff Arthur Bauer admitted that before the accident he had consumed three or possibly four eight-ounce glasses of wine. Crotty's expert, criminalist Lucien Haag, testified that the results of a blood alcohol analysis performed while Bauer was hospitalized established that his blood alcohol content at the time of the accident would have been approximately .28 to .29. He further testified that cognitive functions, including the ability to pay attention and integrate information, are impaired at a blood alcohol level of .08; that at that level, sensory functions are also demonstrably impaired in at least one area and often more than one; and that motor skills are impaired at a blood alcohol level of .10 or .12. Haag testified that, at the time of the accident, Bauer's blood alcohol level severely impaired his ability to pay attention, to integrate information, to react in a timely manner, and to move once he had decided to do so.

## INSTRUCTIONS

Crotty requested that the trial court give the following instruction:

If you find that the defendant was negligent and that his negligence was a cause of the accident, but you further find that the plaintiff's conduct was willful and wanton and a cause of the accident, then the plaintiff has no right to a determination of relative degrees of fault or reduced damages, and your verdict should be for the defendant.

Only you, the jurors, may decide whether plaintiff's conduct should preclude his recovery.

The trial court refused that instruction.

The trial court instructed the jury on comparative negligence principles as follows:

The defendant claims that the plaintiff was contributorily negligent. In considering this defense, you must decide: (1) was the plaintiff negligent?; (2) if so, was the plaintiff's negligence a cause of the plaintiff's injury?

If your answer to either of the above questions is "no," then the defense of contributory negligence does not apply.

If your answer to both of the above questions is "yes," then you should decide whether, under all the circumstances of this case, the plaintiff's contributory negligence should reduce the plaintiff's damages. That decision is left to your sole discretion. If you decide to apply the defense of contributory negligence, you must then do the following:

First, determine the full amount of plaintiff's damages. Second, determine the relative degrees of fault of each party.

The court will then calculate the reduction of plaintiff's full damages in accordance with your determination of plaintiff's relative degree of fault.

The trial court later told the jury:

I will now instruct you about willful or wanton conduct. These types of fault involve more than negligence. Where willful or wanton conduct contributes to causing an injury, rules of law apply that

are additional to or different from the rules we have previously discussed.

Willful or wanton conduct is action or inaction with reckless indifference to the results or to the rights or safety of others. A person is recklessly indifferent if he knows or a reasonable person in his position ought to know: (1) that his action or inaction creates an unreasonable risk of harm; and (2) the risk is so great that it is highly probable that harm will result.

If you find that the plaintiff willfully or wantonly contributed to causing his own injury, then you may find for the plaintiff or for the defendant as you see fit.

The jury returned a reduced award in favor of Bauer. The jury fixed Bauer's full damages at $98,903.00, and found Bauer 71% at fault and Crotty 29% at fault. In accordance with the verdict, the trial court entered judgment in favor of Bauer in the amount of $28,681.87. The trial court also denied Crotty's motions for judgment notwithstanding the verdict (NOV) and for a new trial. Crotty appeals. We have jurisdiction pursuant to A.R.S. § 12–2101(B) and A.R.S. § 12–2102(A).[1]

### THE JURY AWARD

One of Crotty's principal theories at trial was that Bauer engaged in willful and wanton conduct by driving in a state of extreme drunkenness. Crotty's position was that this conduct contributed to Bauer's injuries, and that Bauer was therefore precluded from any recovery by A.R.S. § 12–2505(A), which provides in part: "There is no right to comparative negligence in favor of any claimant who has intentionally, wilfully or wantonly caused

or contributed to the injury or wrongful death." Crotty argues that the trial court erroneously failed to inform the jury that if it found that Bauer had engaged in willful or wanton conduct which contributed to his injuries, Bauer had no right to a comparative negligence recovery and the jury could choose to award him nothing.

■ Bauer contends, however, that there was no evidence that would have supported a finding that Bauer's conduct was willful or wanton. Bauer urges that we therefore need not consider whether the trial court correctly instructed the jury about the legal effect of willful or wanton contributory negligence. We disagree.

Our Supreme Court has stated:

Conduct is wanton if a defendant intentionally does or fails to do an act, knowing or having reason to know of facts which would lead a reasonable man to realize that his conduct not only created an unreasonable risk of harm to another but involved a high degree of probability that such harm would result.

*Southern Pacific Transportation Co. v. Lueck,* 111 Ariz. 560, 562, 535 P.2d 599, 601 (1975). *Accord DeElena v. Southern Pacific Co.,* 121 Ariz. 563, 592 P.2d 759 (1979); *Nicholas v. Baker,* 101 Ariz. 151, 416 P.2d 584 (1966); *Bryan v. Southern Pacific Co.,* 79 Ariz. 253, 286 P.2d 761, 50 A.L.R.2d 1 (1955).

Haag testified without contradiction that Bauer's .28 or .29 blood alcohol content severely impaired his sensory, cognitive and motor skills at the time of the accident. A jury could reasonably conclude that a person of ordinary prudence in Bauer's position would have known that by choosing to drive in that condition, he was creating

1. On February 28, 1989, Crotty noticed an appeal from the "verdict" and from the trial court's denial of his motion for new trial and motion for judgment NOV. The trial court entered a formal judgment on April 12, 1989. Crotty's appeal is effectively from the judgment, and we have jurisdiction even though the notice of appeal was prematurely filed. *See Barassi v. Matison,* 130 Ariz. 418, 636 P.2d 1200 (1981).

We observe that the trial court's minute entry of February 1, 1989, denying Crotty's motion for new trial and motion for judgment NOV was never reduced to a written, signed order and filed with the clerk of the superior court. To the extent the trial court's order denied Crotty's motion for new trial, A.R.S. § 12–2102(B) empowers us to review it as part of our review of the judgment. However, because an unsigned minute entry is otherwise not appealable, *see Apache East, Inc. v. Means,* 124 Ariz. 11, 601 P.2d 615 (1979), we lack jurisdiction to consider Crotty's appeal from the portion of the trial court's order that denied Crotty's motion for judgment NOV.

an unreasonable risk of bodily harm to himself or others and a high degree of probability that such harm would result.

■ Bauer also contends we need not consider the correctness of the trial court's instruction because there was no evidence that Bauer's drunken driving actually contributed to his injuries. Again we disagree. It is true that several witnesses testified Bauer had acted appropriately in applying his brakes and avoiding a collision with Crotty's car. There was also evidence, however, that after Bauer ceased braking, he drove an additional 55 feet in or into the left lane of traffic without braking, at a speed as slow as 8 miles per hour or as fast as 25 miles per hour. Moreover, while he did so, Bauer did not see and took no action to avoid the northbound vehicle he hit. In our opinion a jury could reasonably have concluded that Bauer's intoxicated condition played a causative role in the collision that injured him.

Bauer offers still another rationale for his contention that we need not consider Crotty's challenge to the trial court's instruction. Bauer characterizes the challenged instruction as informing the jury

that if it found Mr. Bauer had been contributorily negligent or had assumed the risk by engaging in conduct which was recklessly indifferent and, therefore, willful or wanton, it was not to apply principles of comparative negligence but was, instead, *to find either for the plaintiff or for the defendant as it saw fit.* [Emphasis added.]

Because the jury found for Bauer and apportioned fault pursuant to the trial court's comparative negligence instructions, Bauer contends that the jury must have found that he had not engaged in willful or wanton conduct which contributed to his own injuries. We cannot agree.

■ If the trial court's instruction had used the disjunctive term "either," it would have suggested to the jury that if it found willful or wanton contributory negligence, it was to find either entirely for Bauer or

entirely for Crotty. The trial court's language, however, was more flexible. The court instructed:

If you find that the plaintiff willfully or wantonly contributed to causing his own injury, then you may find for the plaintiff or for the defendant as you see fit.

The trial court's statement that the jury could find "for the plaintiff or for the defendant as you see fit" could be construed as suggesting that one of the jury's options was to find for Bauer in whatever amount it chose. Moreover, the trial court introduced its instructions on willful or wanton conduct to the jury as rules that were *"additional to* or different from" the comparative negligence rules it had presented earlier. (Emphasis added.) In that context, the jury may well have believed that if it found willful or wanton contributory negligence, it could nevertheless act on the basic comparative fault instruction and award Bauer reduced damages based on the degree of his fault. We therefore reject the view that the jury's 29% award to Bauer necessarily meant that it found that Bauer had not engaged in willful or wanton conduct contributing to his own injuries.[2]

### WILLFUL OR WANTON CONTRIBUTORY NEGLIGENCE

■ Crotty argues that the substance of the trial court's instructions on willful or wanton contributory negligence was erroneous. Our examination of that argument must begin with a review of Arizona law and the defense of "contributory negligence" as it has evolved to its present posture.

The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury. Ariz. Const. art. 18, § 5. Under art. 18, § 5, contributory negligence is always a question of fact for the jury and cannot bar a plaintiff's claim as a matter of law. *Del*

---

**2.** We comment further on the implications of the trial court's willful or wanton conduct instruction *infra.*

*E. Webb Corp. v. Superior Court*, 151 Ariz. 164, 169, 726 P.2d 580, 585 (1986). Art. 18, § 5 permits jurors to award damages even if they find that the plaintiff was contributorily negligent. *Id. See Gosewisch v. American Honda Motor Co.*, 153 Ariz. 400, 737 P.2d 376 (1987); *Hall v. ANR Freight System, Inc.*, 149 Ariz. 130, 717 P.2d 434 (1986).

Under the common law, as modified by Ariz. Const. art. 18, § 5, the defense of contributory negligence operated as an absolute bar to a plaintiff's recovery if the jury chose to apply it. *See Hall*, 149 Ariz. at 136, 717 P.2d at 440;[3] *Cheney v. Arizona Superior Court for Maricopa County*, 144 Ariz. 446, 698 P.2d 691 (1985). Although the question whether to apply the defense of contributory negligence was for the jury alone, even slight negligence on the part of a plaintiff could prompt the jury to apply the defense and deny him any recovery. *Cheney*, 144 Ariz. at 448, 698 P.2d at 693.

In *Manhattan–Dickman Construction Co. v. Shawler*, 113 Ariz. 549, 558 P.2d 894 (1976), the trial court instructed the jury:

> If you find that either or both of the Plaintiffs were negligent and that such negligence was a proximate cause of the Plaintiffs' injuries, then your verdict *should but need not be in favor of the Defendants* and against the contributorily negligent Plaintiff or Plaintiffs as the case may be.

*Id.* at 555, 558 P.2d at 900 (emphasis added). The jury rendered a verdict for the plaintiffs. On appeal, one of the defendants argued that a proper instruction on contributory negligence would use the word "should" without further directive.

The supreme court disagreed. Because the word "should" can be taken to indicate obligation or mandate rather than desirability or preference, the supreme court suggested that trial courts use the formulation

approved in *Winchester v. Palko*, 18 Ariz. App. 534, 537–38, 504 P.2d 65, 68–69 (1972):

> If you find that Plaintiff was negligent and that such negligence was the proximate cause of Plaintiff's injuries, then you may find for the Defendant or for the Plaintiff as you may see fit.

At the same time, the court held that the trial court's use of "should but need not" was correct, "being a clear exposition of the law and in accord with our prior decisions, ... in that the jury was advised that the word 'should' was not used in the obligatory or mandatory sense." *Manhattan–Dickman*, 113 Ariz. at 555, 558 P.2d at 900. On the same rationale, this court later approved the following instruction:

> Whether assumption of the risk is a defense is left to you. If ... the plaintiff assumed the risk, and if this conduct ... was a cause of the injury, the plaintiff should not recover. This means you must decide two things: (1) whether the plaintiff did assume the risk, and, (2) if the plaintiff did assume the risk, whether his assumption of the risk should prevent a verdict in his favor.

*Menendez v. Bartlett*, 125 Ariz. 48, 50, 607 P.2d 31, 33 (App.1980).

Effective August 30, 1984, the Arizona Legislature adopted the Uniform Contribution Among Tortfeasors Act, A.R.S. § 12–2501 *et seq.* Section 12–2505(A) sought to eliminate the all-or-nothing effect of the defense of contributory negligence under the common law. It provides:

> The defense of contributory negligence or assumption of risk is in all cases a question of fact and shall at all times be left to the jury. *If the jury applies either defense, the claimant's action is not barred, but the full damages shall be reduced in proportion to the relative degree of the claimant's fault which is a proximate cause of the injury or death, if any.* There is no right to com-

---

**3.** The *Hall* opinion also noted that there were conflicting decisions of the court of appeals on both sides of the question whether art. 18, § 5 permitted juries to apportion damages rather than applying an all-or-nothing rule. Although the supreme court stated it did not need to resolve those conflicting interpretations, it said

that *Crawford v. Superior Court*, 144 Ariz. 498, 698 P.2d 743 (App.1984), which held that the plaintiff's recovery was barred if the jury decided to apply the defense of contributory negligence, "appears ... to be on solid ground." 149 Ariz. at 136, 717 P.2d at 440.

parative negligence in favor of any claimant who has intentionally, wilfully or wantonly caused or contributed to the injury or wrongful death.

(Emphasis added.) In *Hall*, our supreme court held that this statutory change in the common law was valid under Ariz. Const. art. 18, § 5. The court stated:

[A]rt. 18, § 5 does not guarantee the right to interpose the defense of contributory negligence; it merely provides that *when* contributory negligence is raised as a defense the jury must always be the final judge of the facts and law pertaining thereto.... Contributory negligence is a creature of the common law, and absent explicit constitutional protection the common law is modifiable by the legislature. [Citations omitted.] Consequently, the legislature was free to modify or abolish contributory negligence.

149 Ariz. at 134–35, 717 P.2d at 438–39 (emphasis in original).

Arizona case law and A.R.S. § 12–2505(A) leave unsettled the extent of a jury's discretion when there is evidence that the plaintiff's injuries may have been caused in part by his own willful or wanton conduct. The State Bar of Arizona's *Recommended Arizona Jury Instructions (Civil)* (RAJI), published in 1987, offers alternative resolutions of this issue. RAJI Wilful or Wanton Conduct Instruction No. 4 suggests that juries be instructed as follows:

If you find that the plaintiff wilfully or wantonly contributed to causing his own injury ..., then

[you may find for the plaintiff or for the defendant as you see fit.] [1]

[the plaintiff has no right to either full or reduced damages and your verdict should be for the defendant.] [2]

---

SOURCE: A.R.S. § 12–2505(A), *Manhattan-Dickman Construction Co. v. Shawler*, 113 Ariz. 549, 558 P.2d 894 (1976).

The "Use Note" states in part:

Use footnoted clause 1 or 2 to end instruction, depending on the resolution of issue [6].

ISSUE 6: *Does The Wilfully Or Wantonly Contributory Plaintiff Get Nothing, Or Does The Jury Have Constitutional Discretion Whether To Give Him All Or Nothing?*

A.R.S. § 12–2505(A) provides that the plaintiff has no right to comparative negligence. Arizona Constitution, Article 18, Section 5 provides that contributory negligence is a question of fact which shall at all times be left to the jury. Should the jury be told to return a verdict for the defendant because a wilfully or wantonly contributory plaintiff has no right under A.R.S. § 12–2505(A) to comparative negligence? Or is the jury invested by article 18, section 5 with the discretion to find for the plaintiff or for the defendant as it sees fit? *Manhattan-Dickman Construction Co. v. Shawler*, 113 Ariz. 549, 558 P.2d 894 (1976).

Does reference to "contributory negligence" in article 18, section 5 include wilful or wanton conduct? Or is wilful or wanton conduct sufficiently different from negligence that different constitutional rules apply?

In the instant case, the trial court chose to use the first footnoted clause of RAJI Wilful or Wanton Conduct 4 in instructing the jury. Responding to the fundamental question posed in the Use Note to RAJI Wilful and Wanton Conduct 4, Crotty now urges that willful or wanton conduct is sufficiently different from mere contributory negligence to render Ariz. Const. art 18, § 5 inapplicable. Crotty thus concludes that the trial court should have instructed the jury that there is no right to a comparative negligence recovery by one whose willful or wanton conduct contributed to his own injuries, and that such a plaintiff cannot recover either full or reduced damages and the jury's verdict should be for the defendant.

We do not agree that a plaintiff's willful or wanton conduct contributing to his own injuries is qualitatively distinct from contributory negligence. In *DeElena*, 121 Ariz. at 566, 592 P.2d at 762 (1979), the supreme court held that "wanton miscon-

duct" is not a tort wholly separate from negligence, but rather amounts to "aggravated negligence." The court continued:

> We said in *Bryan v. Southern Pacific Co.*, 79 Ariz. 253, 256, 286 P.2d 761, 762 (1955), that wanton negligence 'involves the creation of an unreasonable risk of bodily harm to another (simple negligence) together with a high degree of probability that substantial harm will result (wantonness).'
>
> . . . .
>
> The rules by which liability for wanton misconduct is determined are the same as those by which liability for simple negligence is decided. Restatement of Torts, Second § 501.

*Id.* 121 Ariz. at 566–567, 592 P.2d at 762–63.

Our analysis proceeds to the supreme court's opinion in *Lueck.* In that case, the court recognized that a plaintiff's ordinary contributory negligence does not apply to defeat his recovery when his injury was the result of the willful, wanton or reckless conduct of the defendant. The court also recognized, however, that when the plaintiff's contributory negligence was itself willful, wanton or reckless, it may be balanced against the wanton negligence of the defendant so as to bar the plaintiff's recovery.

Based on that principle, Southern Pacific offered the following instruction:

> If you find the plaintiff's contributory negligence was gross or wanton, then the plaintiff may not recover, regardless of whether the defendant was grossly negligent.

111 Ariz. at 573, 535 P.2d at 612. The trial court declined to so instruct. On appeal, the supreme court rejected Southern Pacific's proposed instruction as "plainly deficient."

> [B]y the wording 'the plaintiff may not recover regardless' it strongly tends to suggest that the jury must not return a verdict in favor of the plaintiff. This is contrary to our express holdings in *Heimke v. Munoz*, 106 Ariz. 26, 470 P.2d

107 (1970) and *Layton v. Rocha,* 90 Ariz. 369, 368 P.2d 444 (1962).

*Id.* 111 Ariz. at 574, 535 P.2d at 613.

■ *Heimke* and *Layton*, on which the supreme court relied, hold that under Ariz. Const. art. 18, § 5, the jury is the sole arbiter of whether the plaintiff was contributorily negligent and whether the defense of contributory negligence should be applied to deny him a recovery. *Lueck* thus held in essence that a plaintiff's wanton or willful conduct that contributes to his injuries is "contributory negligence" within the meaning of Ariz. Const. art. 18, § 5. Accordingly, we conclude that even though A.R.S. § 12–2505(A) provides that a plaintiff who is guilty of wanton contributory negligence has no right to a comparative negligence recovery, instructing a jury that it "should" or "must" return a verdict against such a plaintiff would violate Ariz. Const. art. 18, § 5.

Crotty also urges that the particular language the trial court chose to use violated A.R.S. § 12–2505(A) because it (1) failed to give the jury the option of awarding Bauer nothing if it found him guilty of willful or wanton conduct, and (2) in effect told the jury that under all circumstances it was allowed to consider the relative degrees of fault. For ease of reference, we again set forth the challenged instruction:

> If you find that the plaintiff wilfully or wantonly contributed to causing his own injury, you may find for the plaintiff or for the defendant as you see fit.

*See* RAJI Wilful or Wanton Conduct 4, Option 1. Contrary to Crotty's contention, this language adequately communicated that the jury could choose to award Bauer nothing if it found him guilty of wanton or willful contributory negligence. On the other hand, the formulation "you may find for the plaintiff or for the defendant as you see fit," while well adapted to the old all-or-nothing defense of contributory negligence, *see Manhattan-Dickman*, 113 Ariz. at 555, 558 P.2d at 900, unfortunately generates ambiguity when combined with instructions on the new comparative negligence and wanton contributory negligence principles of A.R.S. § 12–2505(A). As we observed

above, the language and context of the trial court's instruction thus suggested to the jury that if it found Bauer guilty of willful or wanton contributory negligence, it could still find for Bauer in whatever amount it chose based on its perception of the degree of Bauer's comparative fault. This was contrary to A.R.S. § 12–2505(A), which precludes comparative negligence awards in favor of claimants who willfully or wantonly contribute to their own injuries.

 This infirmity in the challenged instruction introduced reversible error into the trial. The supreme court recently stated:

> Our decisions indicate that prior to the Act [A.R.S. § 12–2505(A)] jurors had discretion to freely apply or discard contributory negligence as they saw fit, but only as an all or nothing proposition.

*Hall,* 149 Ariz. at 136, 717 P.2d at 440. *Accord Alabam Freight Lines v. Phoenix Bakery,* 64 Ariz. 101, 166 P.2d 816 (1946); *Southern Pacific R. Co. v. Svensden,* 13 Ariz. 111, 108 P. 262 (1910). Although A.R.S. § 12–2505(A) eliminated the all-or-nothing principle as applied to ordinary contributory negligence, it remains intact when the jury finds that the plaintiff's contributory negligence was willful or wanton. As we have already determined, there was evidence in this case that Bauer wantonly contributed to his own injuries, and the jury could well have predicated its 29% award for Bauer on a finding to that effect. Given the evidence in this case, there is a possibility the jury would have rendered a defense verdict if the trial court had correctly instructed that its only other choice was to award Bauer a 100% recovery.[4]

In summary, we determine that in this case both alternatives suggested in RAJI Willful and Wanton Conduct Instruction 4 are deficient. In accordance with *Lueck,* the proper instructions should inform the jury that it must decide whether Bauer was contributorily negligent and if so, the percentage amount his contributory negligence should reduce his recovery. However, the instructions must also inform the jury that if it finds Bauer guilty of willful or wanton contributory negligence, then Bauer cannot recover reduced damages under comparative negligence principles, and the jury must choose either to award Bauer his full damages or to render a verdict for Crotty.

 Accordingly, on remand, the trial court's instructions to the jury should include the following: 1) the comparative negligence instruction as given, 2) the willful and wanton conduct instruction as given, except that in place of the last paragraph, the jury should be instructed to the effect that if they find that plaintiff's willful and wanton conduct contributed to causing his own injury, then they may find either for the plaintiff or for the defendant as they see fit, but they are not to determine relative degrees of fault.[5]

Reversed and remanded for new trial.

CONTRERAS and LANKFORD, JJ., concur.

---

4. We recognize the possibility of a jury verdict awarding 100% recovery to a plaintiff guilty of willful or wanton contributory negligence. This may be contrary to the intent of the legislature. If such be the case, that body may wish to revisit A.R.S. § 12–2505(A).

5. The trial court may find the use of special verdicts helpful to avoid or to resolve ambiguities or inconsistencies in the verdict.