■ DAVID FERNANDEZ, Appellant, v CITY OF NEW YORK et al., Respondents. [669 NYS2d 20] —Judgment, Supreme Court, New York County (Judith Gische, J., and a jury), entered February 7, 1997, in an action by plaintiff to recover for injuries sustained when he was shot by defendant police officer in the course of his own arrest, apportioning liability 60% against plaintiff and 40% against defendants, awarding plaintiff damages before apportionment of $50,000 for past pain and suffering and $100,000 for future pain and suffering, and bringing up for review an order, same court and Justice, entered on or about October 21, 1996, which, insofar as challenged, denied plaintiff's motion to set aside a verdict, unanimously affirmed, without costs. Appeal from the order unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

The trial court properly charged implied assumption of risk. Given the evidence that plaintiff understood that by engaging in criminal activity and fleeing the police he was embarked on a dangerous course of conduct, it cannot be said that the jury's

determination that he assumed the risk of injury and that his culpable conduct was a proximate cause of the same was irrational. Concerning damages, it cannot be said that the award deviated from what is reasonable compensation. Although plaintiff's injuries were severe, there was little evidence that plaintiff's injuries diminished either mental capacities or lifestyle. We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Wallach, Williams and Andrias, JJ.