FILED BY CLERK

JUN -2 2006

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| SONORAN DESERT INVESTIGATIONS, INC., an Arizona corporation; MICHAEL F. GHIGO and JANE DOE GHIGO, husband and wife; JOSE A. HOWARD and JANE DOE HOWARD, husband and wife; SAFEWAY, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) ) | 2 CA-SA 2006-0006 DEPARTMENT A O P I N I O N |
| Petitioners, | ) ) | |
| v. | ) ) | |
| HON. LESLIE B. MILLER, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, | ) ) ) ) | |
| Respondent, | ) ) | |
| and | ) ) | |
| LORNA HERNANDEZ, a widow, for and on behalf of all surviving statutory beneficiaries of Frank M. Hernandez, Jr., deceased, including:  LORNA HERNANDEZ, surviving wife; FRANK D. HERNANDEZ, BRIANNA HERNANDEZ, and JESSICA HERNANDEZ, surviving children; and FRANK HERNANDEZ and GLORIA HERNANDEZ, surviving natural parents, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Real Party in Interest. | ) ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause No. C20050370

JURISDICTION ACCEPTED; RELIEF DENIED

---

Gust Rosenfeld, P.L.C.
  By Gerard R. O'Meara and Roger W. Frazier                                   Tucson
                                                    Attorneys for Petitioners Sonoran
                                                       Desert Investigations, Inc., Ghigo,
                                                                         and Howard


Quarles & Brady Streich Lang, L.L.P.
  By Stephen T. Portell and Timothy M. Medcoff                               Tucson
                                                  Attorneys for Petitioner Safeway, Inc.


Charles M. Brewer, Ltd.
  By Charles M. Brewer, John B. Brewer,
    Dane L. Wood, and David L. Abney                                        Phoenix
                                                   Attorneys for Real Party in Interest

---

H O W A R D, Presiding Judge.


¶1        In the underlying wrongful death action filed by Lorna Hernandez, defendants Sonoran Desert Investigations, Inc., Michael Ghigo, Jose Howard, and Safeway, Inc. (collectively, SDI) moved for summary judgment based on A.R.S. § 12-712(B), which absolves a defendant from liability to a plaintiff who is injured while involved in a criminal act. The respondent judge found that § 12-712(B) impermissibly removes the determination of contributory negligence or assumption of the risk from the jury in violation of article XVIII, § 5 of the Arizona Constitution and denied SDI's motion. SDI brought this special

2

action to challenge the respondent judge's ruling. Based on the broad language of article XVIII, § 5 and Arizona Supreme Court cases construing that section, we agree with the respondent judge that § 12-712(B) is unconstitutional and therefore conclude that the respondent judge did not abuse her discretion by denying SDI's motion.

Jurisdiction

¶2 It is well settled that a denial of a motion for summary judgment is a nonappealable, interlocutory order that may be reviewed only by special action. *Sorensen v. Farmers Ins. Co. of Am.*, 191 Ariz. 464, 465-66, 957 P.2d 1007, 1008-09 (App. 1997). Consistent with our policy of avoiding piecemeal appeals, however, we accept jurisdiction of a special action challenging a denial of summary judgment only in exceptional cases. *Orme Sch. v. Reeves*, 166 Ariz. 301, 302-03, 802 P.2d 1000, 1001-02 (1990). Our supreme court requires appellate courts to exercise particular caution in accepting jurisdiction in order to affirm a respondent judge's denial of summary judgment. *Ft. Lowell-NSS Ltd. P'ship v. Kelly*, 166 Ariz. 96, 99, 800 P.2d 962, 965 (1990). Nevertheless, special cases may warrant our accepting jurisdiction. *See Orme Sch.*, 166 Ariz. at 302-03, 802 P.2d at 1001-02. We find this to be such a case for the following reasons.

¶3 The question presented here is a "pure issue of law, requiring neither factual review nor interpretation," *see id.* at 603, 802 P.2d at 1002, and raises "a constitutional issue of first impression." *Inzunza-Ortega v. Superior Court*, 192 Ariz. 558, ¶ 7, 968 P.2d 631, 633 (App. 1998); *see also Ariz. Dep't of Pub. Safety v. Superior Court*, 190 Ariz. 490, 494, 949 P.2d 983, 987 (App. 1997) (constitutional questions are matters of statewide

3

importance). Although § 12-712 was enacted more than a decade ago, no extant opinion provides guidance on its application or addresses the challenge raised here. *See Cronin v. Sheldon*, 195 Ariz. 531, ¶ 3, 991 P.2d 231, 233 (1999) (potential for conflicting interpretations by trial judges militates in favor of accepting special action jurisdiction); *In re Guardianship/Conservatorship of Denton*, 190 Ariz. 152, 154, 945 P.2d 1283, 1285 (1997) (same). Indeed, the parties have drawn our attention to several superior court rulings in which trial judges have found § 12-712 unconstitutional on similar grounds, but neither the parties nor this court has found any opinion addressing the statute's constitutionality. We have no doubt the issue raised here will recur in future cases, and judicial economy, not to mention the time and expense incurred by future litigants, is best served by addressing the issue now, while it is before us. *See Ariz. Dep't of Pub. Safety*, 190 Ariz. at 494, 949 P.2d at 987 ("[I]t serves judicial economy to address a matter of first impression which is certain to occur again.").

¶4         Finally, although not determinative, both SDI and Hernandez urge us to accept jurisdiction, agreeing there is a "state-wide need" for an appellate decision of this issue. *See ChartOne, Inc. v. Bernini*, 207 Ariz. 162, ¶ 9, 83 P.3d 1103, 1107 (App. 2004) (acceptance of jurisdiction influenced by parties' characterization of issue); *Qwest Corp. v. Kelly*, 204 Ariz. 25, ¶ 3, 59 P.3d 789, 791 (App. 2002) (jurisdiction accepted to review denial of motion for summary judgment in part because parties agreed review was warranted). The parties' insistence that this issue be resolved lessens concerns we might otherwise have about delay or inconvenience to the parties caused by our accepting jurisdiction. *Cf. City of*

*Phoenix v. Yarnell*, 184 Ariz. 310, 315, 909 P.2d 377, 382 (1995) (supreme court considers effect of accepting review on litigation and parties). For all these reasons, we accept jurisdiction of this special action.

Standard of Review

**¶5** We review a denial of a motion for summary judgment for an abuse of discretion and view the facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion. *Samaritan Health Sys. v. Superior Court*, 194 Ariz. 284, ¶ 11, 981 P.2d 584, 588 (App. 1998). A statute's constitutionality, however, is a matter of law, which we analyze de novo. *Martin v. Reinstein*, 195 Ariz. 293, ¶ 16, 987 P.2d 779, 787-88 (App. 1999). Laws are presumed to be constitutional, and we have a duty to construe statutes in harmony with the constitution whenever reasonably possible. *Id.*

Facts and Procedural Background

**¶6** The facts, as stated by plaintiff Hernandez in her complaint and her response to SDI's motion for summary judgment below, are as follows. Frank M. Hernandez, Jr., died of asphyxiation after he was apprehended on suspicion of shoplifting by Jose Howard, a private security guard employed by Sonoran Desert Investigations who had been assigned to a Tucson Safeway store. Howard allegedly confronted Hernandez after seeing him conceal bottles of moisturizer in his clothing and walk toward the front of the store.[1] Howard physically restrained Hernandez by wrestling him to the floor, face down, and

---

[1]SDI alleges Hernandez resisted the investigation and repeatedly struck Howard; real party in interest Lorna Hernandez disputes this, a matter not material to our resolution of this issue.

5

placing his arm around Hernandez's neck. Although Hernandez complained he could not breathe, Howard did not release him until, assisted by two Safeway employees, he had handcuffed Hernandez. By that time, however, Hernandez had passed out. Hernandez never regained consciousness, and the coroner opined his death was a homicide.

¶7        Lorna Hernandez, Hernandez's widow, filed the underlying wrongful death action, alleging that SDI's negligence had caused her husband's death. In its motion for summary judgment, SDI claimed it was not liable to Hernandez, as a matter of law, based on § 12-712(B), which provides:

> B. In a civil action a defendant is not liable for damages that the plaintiff incurs if the plaintiff is harmed as a result of the negligence or gross negligence of the defendant while the plaintiff is attempting to commit or committing a misdemeanor criminal act and the act directly relates to the defendant or the defendant's property.

Hernandez responded, inter alia, that § 12-712[2] is unconstitutional under article XVIII, §§ 5 and 6 and article II, § 31 of the Arizona Constitution.[3]

---

[2]In her response to SDI's motion for summary judgment, Hernandez did not distinguish between § 12-712(A), which pertains to defendants' responses to felony conduct, and § 12-712(B), which involves responses to misdemeanor conduct. § 12-712(A) provides: "In any civil action, a defendant is not liable for damages that the plaintiff incurs if the plaintiff is harmed as a result of the negligence or gross negligence of any defendant while the plaintiff is attempting to commit, committing or fleeing from a felony criminal act." Contrary to SDI's contention, in its reply here, that the trial court "held . . . that the whole statute is unconstitutional," the trial court's ruling only expressly refers to § 12-712(B), and our review is limited to whether that ruling was an abuse of discretion. *See* Ariz. R. P. Spec. Actions 3, 17B A.R.S.

[3]Article XVIII, § 6 provides: "The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation." Article II, § 31 provides: "No law shall be enacted in this State limiting the

6

**¶8** The respondent judge found § 12-712(B) unconstitutional, relying on *Schwab v. Matley*, 164 Ariz. 421, 425, 793 P.2d 1088, 1092 (1990), and other authorities addressing the mandate of article XVIII, § 5. Consequently, the respondent denied SDI's motion. SDI moved for reconsideration; that motion was also denied. This special action followed.

Analysis

**¶9** Article XVIII, § 5 of the Arizona Constitution provides: "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." In construing this provision, our supreme court has repeatedly held that a statute may not provide that "the antecedent conduct of a person injured is an absolute bar to the recovery of damages from one otherwise liable for the injury under either statutory or common law principles." *City of Tucson v. Fahringer*, 164 Ariz. 599, 601-02, 795 P.2d 819, 821-22 (1990); *see also Schwab*, 164 Ariz. at 424-25, 793 P.2d at 1091-92; *cf. Phelps v. Firebird Raceway, Inc.*, 210 Ariz. 403, ¶ 15, 111 P.3d 1003, 1006 (2005) (issue of express contractual assumption of risk cannot be removed from jury; article XVIII, § 5 subject to "expansive reading" on assumption of risk).

**¶10** In *Schwab*, our supreme court invalidated A.R.S. § 4-312(A), which had relieved a liquor licensee from liability for injuries sustained by either a customer or anyone

---

amount of damages to be recovered for causing the death or injury of any person." Although SDI and Hernandez argued these provisions below and here, the respondent judge did not address the application of these provisions to A.R.S. § 12-712. These arguments are therefore not before us. *See* Ariz. R. P. Spec. Actions 3, 17B A.R.S.; *see also Cranmer v. State*, 204 Ariz. 299, 63 P.3d 1036 (App. 2003) (scope of special action limited to whether court abused its discretion).

accompanying the customer "who knew of [his or her] impaired condition." 164 Ariz. at 422, 793 P.2d at 1089 (alteration added). The court held this statute was a "legislative codification of the doctrine of contributory negligence and assumption of the risk" that violated article XVIII, § 5 because it barred recovery of damages for negligence based on "the conduct of a particular category of persons injured." *Id.* at 425, 423, 793 P.2d at 1092, 1090.

¶11 The supreme court in *Schwab* rejected the defendant's contention that the statute did not remove consideration of contributory negligence or assumption of risk from the jury but instead limited the duty of tavernkeepers, stating:

> First, the statute clearly deals with the antecedent conduct of the person injured, providing that the one who causes the injury "shall not be liable." If there is a difference between this and contributory negligence, we are unable to perceive it, nor can Matley articulate it. The reason is apparent: "Contributory negligence is conduct on the part of the plaintiff, contributing as a legal cause to the harm he has suffered. . . ." PROSSER AND KEETON ON THE LAW OF TORTS § 65, at 451 (5th ed. 1984). . . .
>
> Matley's argument fares no better if we analyze the common law defense of assumption of the risk, which also barred recovery. . . . Assumption of the risk as a defense . . . always "rest[ed] upon the idea that the defendant [was] relieved of any duty toward the plaintiff." *Id.* at 451. The very basis of the doctrine was that the plaintiff had expressly or impliedly consented to the defendant's negligent conduct, "the legal result [being] that the defendant is simply relieved of the duty which would otherwise exist." *Id.* § 68, at 481.
>
> . . . .

8

. . . If the legislature could abolish the recognized common law duties of care, the provisions of article 18, § 5 would have no meaning at all.

*Id.* at 424-25, 793 P.2d at 1091-92 (brackets in *Schwab*). According to the supreme court, the statute relieving defendants of liability was "simply a shorthand method of describing the traditional common law defenses of contributory negligence and assumption of the risk" because, prior to the statutory defense, any defendant arguing that the claim was barred because a plaintiff had drunk too much or had associated with those who had "would plead the defense under the rubric of contributory negligence or assumption of the risk." *Id.* at 424, 793 P.2d at 1091.

¶12     The court reached a similar result in *Fahringer*. There, the City of Tucson argued the plaintiffs' claims were barred by A.R.S. § 12-820.03(2), which had provided that a public entity was not liable to those injured while riding in a vehicle driven by someone under the influence of alcohol, whether the injured claimants were adult passengers or the intoxicated driver. 164 Ariz. at 600, 795 P.2d at 820. As in *Schwab*, the court noted that, if the statutory defense had not been available, "any lawyer filing an answer to the complaint would have raised the fact that plaintiff was injured as a result of riding with a drunk driver under the rubric of contributory negligence." *Fahringer*, 164 Ariz. at 602, 795 P.2d at 822. The court reasoned that "the statute clearly deals with and sets a standard for the antecedent conduct of the person injured" and "establishe[d] a defense triggered by the plaintiff's conduct." *Id.* And, as in *Schwab*, the statute at issue in *Fahringer* legislatively relieved

9

defendants of liability based on a plaintiff's antecedent conduct in violation of article XVIII, § 5. *Id.* at 603, 795 P.2d at 823. The court therefore held the statute was void. *Id.*

¶13 If § 12-712(B) is applied here, Frank Hernandez's antecedent criminal conduct, and nothing else, triggers a statutory defense of nonliability. The statute, therefore, bars recovery based on "the conduct of a particular category of persons injured." *Schwab*, 164 Ariz. at 423, 793 P.2d at 1092. This result violates article XVIII, § 5 as the supreme court has interpreted it.

¶14 SDI argues, however, that even though Frank Hernandez's conduct gives rise to the traditional common law defenses of contributory negligence and assumption of risk, the "same conduct also supports the statutory defense of A.R.S. § 12-712, [so] defendants are not liable for negligently responding to plaintiff's criminal act." We find this argument insufficient to distinguish the supreme court's holdings in *Schwab* and *Fahringer*.

¶15 First, if the conduct which gives rise to the defense can properly be described as contributory negligence or assumption of risk, according to the supreme court's interpretation of article XVIII, § 5, the jury must decide whether the defendant is liable. As in *Schwab*, the statute at issue here is a "legislative codification" of these defenses. *Schwab*, 164 Ariz. at 425, 793 P.2d at 1092; *cf. Manhattan-Dickman Constr. Co. v. Shawler*, 113 Ariz. 549, 555, 558 P.2d 894, 900 (1976) (jury instruction may not mandate verdict for defendant in event plaintiff found contributorily negligent). Our determination of statutory effect cannot turn on how a particular defendant identifies or frames the affirmative defenses

in its answer or how it chooses to argue what legal effect the plaintiff's antecedent conduct should have, as SDI seems to suggest. *See Fahringer*, 164 Ariz. at 603, 795 P.2d at 823.

¶16 Second, *Fahringer* implicitly preserved claims by intoxicated drivers, who, like Frank Hernandez, allegedly engaged in criminal acts that might have contributed to their injuries. As our supreme court stated: "this holding does not mean that the City . . . is automatically liable to a drunk driver . . . . Under our constitution, it is the jury that must decide." *Fahringer*, 164 Ariz. at 603, 795 P.2d at 823. If it were permissible for the legislature to bar claims based on a claimant's antecedent criminal conduct, the supreme court need not have made this broad statement.

¶17 In a related argument, SDI suggests that criminal conduct cannot constitute contributory negligence because it is "beyond" negligent conduct and cannot constitute assumption of the risk because the criminal act occurs before any alleged negligence by a defendant and without specific knowledge of the risk a defendant poses. But it interprets the defenses of contributory negligence and assumption of risk too narrowly. *See, e.g., S. Pac. R.R. Co. v. Svensden*, 13 Ariz. 111, 117-18, 108 P. 262, 265 (1910) (affirmative defense of contributory negligence available against trespasser injured when negligently ousted from train); 6 Am. Jur. 2d, *Assault & Battery* § 118, at 104 (1999) ("[w]hen an arrestee seeks damages for a purported assault committed incident to an arrest, the jury is properly instructed on the doctrine of implied assumption of the risk," *citing Fernandez v. City of New York*, 669 N.Y.S.2d 20 (N.Y. App. Div. 1998)); *see also District of Columbia v. Coleman*, 667 A.2d 811, 819 (D.C. 1995) (Maryland's law permits defense of

11

contributory negligence and assumption of risk in excessive-force case brought by criminal claimant; contributory negligence focuses on whether plaintiff neglected duty to observe ordinary care for one's personal safety; assumption of risk "'rests upon the plaintiff's consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of harm from a particular risk,'" *quoting Schroyer v. McNeal*, 592 A.2d 1119, 1122 (Md. 1991)); W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 65, at 453 (5th ed. 1984) ("[I]t is perhaps unfortunate that contributory negligence is called negligence at all. 'Contributory fault' would be a more descriptive term. . . . Contributory negligence is conduct which involves undue risk of harm to the actor himself."); *cf.* Restatement (Third) of Torts: Apportionment of Liability § 3 cmt. a (2000) (identifying rules for plaintiffs' comparative fault; "[p]laintiff's negligence can include conduct that is reckless, grossly negligent, or intentional"). Consequently, we reject SDI's argument that criminal conduct is sufficiently distinguishable from ordinary contributory negligence and assumption of the risk to prevent § 12-712(B) from conflicting with article XVIII, § 5.

¶18        SDI additionally argues that "a person harmed while committing criminal acts was never entitled to recover for damages for negligence at common law, when the constitution was adopted, or thereafter." Although SDI raises this argument primarily in relation to its article XVIII, § 6 contention, the argument also relates to the article XVIII, § 5 issue as stated in *Fahringer*: whether a statute may prevent the imposition of liability on a

defendant "otherwise liable for the injury under either statutory or common law principles."[4] 164 Ariz. at 601, 795 P.2d at 821. But Arizona courts have long recognized that a defendant has a duty to act reasonably in response to criminal conduct and that unreasonable, excessive use of force may result in liability.

¶19 In *Gortarez v. Smitty's Super Valu, Inc.*, 140 Ariz. 97, 680 P.2d 807 (1984), the supreme court reviewed the history of the shopkeeper's defense. In that case, two suspected shoplifters had been confronted by a security guard. *Id*. at 100-01, 680 P.2d at 810-11. The guard placed one of them, Gortarez, in a choke hold, injuring him. Gortarez sued the guard and the store. The supreme court reversed the trial court's directed verdict for the defendants and held that the jury should determine whether the detention had been undertaken for a proper purpose and in a reasonable manner. *Id*. at 104-05, 680 P.2d at 814-15.

¶20 The supreme court explained that, under the common law, there was no "shopkeeper's privilege" to arrest or detain a suspected thief because the privilege of a private citizen to arrest a misdemeanant was limited to crimes involving a breach of peace, which did not include shoplifting. *Id*. at 102, 680 P.2d at 812. Although a limited privilege might have permitted an owner in fresh pursuit of a thief to use reasonable force to recapture a chattel, the owner would be liable for any damages if he was mistaken about the facts, and

---

[4]Wrongful death is a statutory cause of action, A.R.S. § 12-611 through 12-613, and may be granted or limited by the legislature. *Schoenrock v. Cigna Health Plan of Ariz., Inc.*, 148 Ariz. 548, 551, 715 P.2d 1236, 1239 (App. 1985). At oral argument, SDI agreed that the fact that wrongful death is a statutory cause of action is not relevant to a determination of whether § 12-712(B) violates article XVIII, § 5.

"[t]he force privileged must [have] be[en] reasonable under the circumstances, and not calculated to inflict serious bodily harm. Ordinarily, the use of any force at all w[ould] not be justified until there ha[d] been a demand made for the return of the property." *Id.*

¶21 The court acknowledged the "developing, common law 'shopkeeper's privilege,'" codified in A.R.S. § 13-1805, which provides in part: "A merchant, or his agent or employee, *with reasonable cause*, *may detain* on the premises *in a reasonable manner and for a reasonable time* any person suspected of shoplifting . . . *for questioning or summoning a law enforcement officer*." *Gortarez*, 140 Ariz. at 102, 680 P.2d at 812, *quoting* former § 13-1805(C) (emphasis in *Gortarez*). The court emphasized that such a privilege only applied to a detention accomplished in a reasonable manner and noted that "the use of force is never privileged unless the resistance of the suspected thief makes the use of such force necessary for the actor's self-defense."[5] *Id.* at 104, 680 P.2d at 814, *citing* Restatement (Second) of Torts § 120A cmt. h (1965).

¶22 Other Arizona cases similarly reflect these principles. In *Transamerica Insurance Group v. Meere*, 143 Ariz. 351, 357, 694 P.2d 181, 187 (1984), the court expressly recognized the tort of excessive force in the course of self-defense. It stated that, to be entitled to the privilege of self-defense, "[o]ne may use only reasonable force . . . to prevent harm to his person." *Id.; see also Chaudoin v. Fuller*, 67 Ariz. 144, 148-49, 192

_____

[5]Other Arizona statutes setting forth self-defense privileges also require that a defendant's conduct be reasonable. *See, e.g.*, A.R.S. §§ 13-409 and 13-413 (person using force in arrest or detention not subject to civil liability only if "[a] reasonable person would believe that such force is immediately necessary"); §§ 13-405 and 13-410 (additional "reasonable belief" requirements for using deadly force).

14

P.2d 243, 246-47 (1948) (plaintiff convicted of disorderly conduct entitled to recover for injuries caused by use of tear gas during arrest); *S. Pac. R.R. Co.*, 13 Ariz. at 117-18, 108 P. at 265 (railroad liable for excessive force in ejecting trespasser from freight train); *Weekly v. City of Mesa*, 181 Ariz. 159, 165, 888 P.2d 1346, 1352 (App. 1994) (plaintiff bitten by police dog during arrest entitled to have case submitted to jury; defendant could base defense on justification statutes, A.R.S. §§ 13-409 and 13-413; *Havier v. Partin*, 16 Ariz. App. 265, 267-68, 492 P.2d 761, 763-64 (1972) (recognizing wrongful death cause of action for defendant's alleged use of excessive force); *cf. Harding v. State*, 26 Ariz. 334, 337-39, 225 P. 482, 483-84 (1924) (police officer's manslaughter conviction affirmed because police had duty to avoid killing misdemeanant during chase); *Robertson v. Territory*, 13 Ariz. 10, 16, 108 P. 217, 220 (1910) (same; jury properly instructed that "it was [officer's] duty . . . not to inflict bodily harm or death upon the deceased [misdemeanant] in order to effect the arrest").

¶23 Respected commentators also have long recognized that, although the use of force in self-defense or defense of property may be privileged, the actor has a duty to act reasonably, and a claimant who is injured while breaking the law may have a cause of action if the response involves an unreasonable, excessive use of force. *See* Restatement (Second) of Torts §§ 70 ("Character and Extent of Force Permissible"), 71 ("Force in Excess of Privilege") and 889 ("Injury Received While Committing a Tort or Crime"; "[o]ne is not barred from recovery for an interference with his legally protected interests merely because at the time of the interference he was committing a tort or a crime") (1965); Keeton, *supra*

15

§ 19, at 126 ("[T]he defendant is not privileged to inflict a beating which goes beyond the real or apparent necessities of his or her own defense. If he does, he is committing a tort to the extent of excessive force, and it is entirely possible that each party may have an action against the other") *citing, inter alia, Elliott v. Brown*, 2 N.Y. (Wend.) 497 (1829).

¶24      The only Arizona case SDI cites is *Veytia v. Alvarez*, 30 Ariz. 316, 247 P. 117 (1926). In that case our supreme court recognized, in dicta, that public policy may preclude enforcement of a contract based upon an immoral or illegal act. But *Veytia* was a contract case, and SDI has been unable to cite any Arizona authority barring, as a matter of law, recovery by a tort plaintiff who was engaged in criminal conduct at the time of the injury.


¶25      Thus, the Arizona common law originally did not recognize a shopkeeper's privilege. *See Gortarez*, 140 Ariz. at 102, 680 P.2d at 812. And, even after that privilege developed, the law in Arizona has always been that the use of force in the face of wrongful conduct—even if that conduct may be categorized as criminal—only relieves a defendant of liability to the extent that the force used was reasonable. An injured party may bring an action for damages arising out of allegedly unwarranted or excessive force, and any disputed facts or inferences to be drawn from undisputed facts in such a case must be resolved by a jury. *See id.* at 104, 680 P.2d at 814. SDI has failed to present any authority convincing us otherwise.

¶26      Ultimately, regardless of whether Frank Hernandez's antecedent conduct was criminal in nature and whether it is characterized as contributory negligence or assumption

of the risk, we cannot overcome our supreme court's strong direction that the legislature may not bar recovery of damages based on the conduct of "a particular category of persons who otherwise could proceed with an action for damages" and that "'in all cases' issues of contributory negligence and assumption of the risk be left to the jury, even if the rule or statute directing otherwise attaches some other name to the defenses." *Fahringer*, 164 Ariz. at 603, 795 P.2d at 823, *quoting* article XVIII, § 5.

**¶27** Based on prior supreme court cases, we agree with the respondent judge that § 12-712(B) violates article XVIII, § 5 of the Arizona Constitution and is therefore void. Accordingly, the respondent judge did not abuse her discretion in denying SDI's motion for summary judgment based on the statute and striking as unconstitutional that statutory defense.

_____
JOSEPH W. HOWARD, Presiding Judge

CONCURRING:

_____
JOHN PELANDER, Chief Judge

_____
GARYE L. VÁSQUEZ, Judge

17