NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RUFINA HERNANDEZ, *Plaintiff/Appellant*,

*v.*

OLD TOWN AVONDALE RECEPTION HALL LLC, *Defendant/Appellee*.

No. 1 CA-CV 24-0206
FILED 12-17-2024

Appeal from the Superior Court in Maricopa County
No.  CV 2020-016009
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Law Office of Lisa M. Hanger PLLC, Phoenix
By Lisa M. Hanger
*Counsel for Plaintiff/Appellant*

Perez Law Group PLLC, Glendale
By Cristina Perez Hesano
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Jennifer M. Perkins and Vice Chief Judge Randall M. Howe joined.

_____

**C A T L E T T**, Judge:

¶1　　　　Rufina Hernandez ("Hernandez") appeals the superior court's entry of summary judgment in favor of Old Town Avondale Reception Hall ("Old Town"), the court's award of attorney fees and costs to Old Town, and the court's denial of her prior motion for summary judgment. We affirm in all respects.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　On February 20, 2020, Hernandez contracted with Old Town to rent Old Town's facilities ("Contract") for her daughter's quinceñera on September 12, 2020 ("Event"). The Contract allowed up to 200 guests and contained a clause protecting Old Town from cancellation of the Event due to "causes of nature." The total price was $7,472 and Hernandez made full payment in installments between February and May.

¶3　　　　In the Spring of 2020, Governor Ducey issued a series of executive orders aimed at combatting the COVID-19 pandemic. In June 2020, the Governor issued Executive Order 2020-43 ("Executive Order") prohibiting "organized public events of more than 50 people" unless otherwise approved. The City of Avondale subsequently implemented the Executive Order and prohibited "organized events of more than 50 people." Fearing the Executive Order would interfere with the Event, Hernandez's cousin-in-law, Celina Ramirez ("Ramirez"), reached out to Old Town in July to discuss enforcement of the Executive Order and how to proceed with the Event. Old Town informed Ramirez that the contract prohibited changes and cancellations after July, but Old Town offered to reschedule the Event in 2021 for a fee. Old Town also claimed the Executive Order did not apply to the Event because it was not open to the public and thus assured Ramirez that the Event could take place.

¶4　　　　Ramirez then spoke with the Avondale Police Department and the City of Avondale to discuss the Executive Order. The City

informed her that "any event over 50 people was subject to police intervention," and the Police Department stated that if it received a call about the Event, it would first give attendees a chance to leave before issuing tickets and fines.

¶5            Given the uncertainty surrounding the Executive Order, Hernandez decided not to hold the Event as scheduled. By that point, Old Town had already paid $3,905 to various vendors for the Event and no other events were scheduled for September 12, 2020. Old Town offered to reschedule the Event to September 10, 2021, without charging a fee, but Hernandez demanded the Event be held on September 11, 2021. Old Town was unable to accommodate that demand. Hernandez did not proceed with the Event on September 12, 2020.

¶6            In December 2020, Hernandez sued Old Town for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and rescission of the Contract. Old Town filed a counterclaim for breach of contract, but eventually stipulated to its dismissal. In July 2021, Hernandez moved for summary judgment, seeking rescission of the contract under the doctrine of impracticability of performance and frustration of purpose. The superior court denied the motion, reasoning that even if the Event was subject to the Executive Order, it could have gone forward "with no more than 50 guests at any one time during the seven-hour usage of the facility."

¶7            Old Town later moved for summary judgment, which the superior court granted. Hernandez appealed. This court vacated the judgment because Old Town failed to properly serve Hernandez with the motion. On remand, Old Town again sought summary judgment, but this time it properly served Hernandez. The superior court granted the motion. The court concluded Hernandez—not Old Town—was the party in breach of the contract, no evidence supported the claim of breach of the covenant of good faith and fair dealing, and the doctrine of unjust enrichment did not apply because a contract governed the relationship between the parties. The court reiterated that Hernandez was not entitled to rescission of the contract. Having disposed of all claims, the court dismissed the complaint and awarded Old Town its attorney fees and costs.

¶8            Hernandez timely appealed. We have jurisdiction. *See* A.R.S. §§ 12-2101(A)(1), 12-120.21(A)(1).

**DISCUSSION**

¶9 Hernandez appeals the superior court's entry of summary judgment for Old Town, award of attorney fees and costs to Old Town, and denial of her motion for summary judgment.

**I.      Summary Judgment for Old Town**

¶10 We review the superior court's entry of summary judgment *de novo*, viewing the facts in the light most favorable to the non-moving party. *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 11 (2003). We may affirm for any reason the record supports. *Joshua Tree Health Ctr., LLC v. State*, 255 Ariz. 220, 222 ¶ 8 (App. 2023). Summary judgment is appropriate when the evidence does not create a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Orme Sch. v. Reeves*, 166 Ariz. 301, 305 (1990).

¶11 At the outset, Hernandez argues Old Town filed a motion to dismiss, which the superior court treated as a motion for summary judgment. Hernandez argues that, correctly characterized, Old Town's motion required it to "contradict allegations made in the complaint." We disagree. Although Old Town requested dismissal of the complaint in the conclusion of its motion for summary judgment, the other portions of its motion papers and supporting evidence sought relief in the form of summary judgment. Thus, Old Town was not required to contradict allegations in the complaint. It was, instead, required to show there was no genuine issue of material fact and it was entitled to judgment as a matter of law. *See* Ariz. R. Civ. P. 56(a); *Orme Sch.*, 166 Ariz. at 305.

¶12 Hernandez asserted four causes of action: breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and rescission. As the party moving for summary judgment but without the burden of proof at trial, Old Town could obtain summary judgment if it showed that "no evidence exist[ed] to support an essential element of [Hernandez's] claim[s]." *See Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 117 ¶ 22 (App. 2008). When moving for summary judgment, Old Town filed a separate statement of facts citing to supporting evidence in the record. Hernandez did not controvert those facts, and thus we ask only whether the facts and evidence Old Town produced showed that Hernandez could not, as a matter of law, support one or more elements of her claims. *See id.*

¶13 Hernandez's breach of contract claim required "the existence of [a] contract, its breach and the resulting damages." *Graham v. Asbury*,

112 Ariz. 184, 185 (1975). Old Town's evidence showed that Hernandez could not establish that Old Town breached the Contract. The Contract stated that Hernandez could not cancel the Event within four months of its date without forfeiting payments made. Old Town fulfilled its contractual obligations by paying vendors for catering and music service and otherwise preparing to hold the Event on September 12, 2020. Old Town was willing and ready to hold the Event as scheduled, but Hernandez chose to cancel the Event. Old Town also attempted to return Hernandez's security deposit, but she refused to accept it and demanded a full refund, which the Contract did not require. Under these facts, no reasonable factfinder could conclude that Old Town breached the contract.

¶14 The same goes for the implied covenant of good faith and fair dealing. Liability for breach of the implied covenant arises when "one party exercises discretion retained or unforeclosed under a contract in such a way as to deny the other a reasonably expected benefit of the bargain." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 201 Ariz. 474, 492 ¶ 66 (2002). Old Town's unrebutted statement of facts shows that Old Town spent $3,905 on vendors in preparation for the Event and was ready to proceed on September 12, 2020. Old Town also offered to postpone the Event to September 10, 2021, and agreed to waive any rebooking fee. Hernandez was willing to reschedule the Event but demanded it be held on a particular date that Old Town could not accommodate. There is no evidence in the record that Old Town exercised discretion in a manner that deprived Hernandez of the benefit of her bargain. *See Coulter v. Grant Thornton, LLP*, 241 Ariz. 440, 448-49 ¶ 34 (2017).

¶15 Turning next to unjust enrichment, it "occurs when one party has and retains money or benefits that in justice and equity belong to another." *Trustmark Ins. Co. v. Bank One, Ariz., NA*, 202 Ariz. 535, 541 ¶ 31 (App. 2002). One element of an unjust enrichment claim is "the absence of any remedy at law." *Mousa v. Saba*, 222 Ariz. 581, 588 ¶ 29 (App. 2009). Thus, if there is "a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." *Brooks v. Valley Nat'l Bank*, 113 Ariz. 169, 174 (1976); *see also Trustmark Ins. Co.*, 202 Ariz. at 542 ¶ 34. Here, a specific contract—the Contract—governed the relationship between Hernandez and Old Town, and therefore Hernandez, as a matter of law, cannot recover for unjust enrichment.

¶16 That leaves only Hernandez's rescission claim. Hernandez argues she was entitled to rescission because any non-performance of the Contract was justified under the frustration of purpose doctrine. Old Town responds that the frustration of purpose doctrine does not apply because

the Contract contained a *force majeure* clause. Old Town adds that even if the frustration of purpose doctrine applies, Hernandez cannot satisfy its requirements. We agree with Hernandez that she can assert frustration of purpose, but we agree with Old Town that Hernandez cannot satisfy each requirement of that doctrine.

¶17 A *force majeure* clause allows contracting parties to "allocate the risk of unforeseeable events beyond their control." *VEREIT Real Est., LP v. Fitness Int'l, LLC*, 255 Ariz. 147, 151 ¶ 10 (App. 2023). Hernandez argues the *force majeure* clause contained in the Contract did not protect Old Town from losses due to government regulation. In Hernandez's view, the *force majeure* clause applied only to "causes of nature" and thus the parties did not allocate the risk of loss with respect to government regulations. We agree with Hernandez. The *force majeure* clause applied only to "causes of nature" and was silent with respect to government regulations, including those that might stem from "causes of nature." *Contra id.* at 151 ¶ 8 (considering a *force majeure* clause that referenced "restrictive laws"). Thus, the Contract did not entirely allocate — to one party or the other — the risk that an executive order would result in the Event not ocurring.

¶18 But Old Town still established that Hernandez is not otherwise entitled to rescission based on frustration of purpose. Performance may be excused based on frustration of purpose only if the value of performance is "totally or nearly totally destroyed." *7200 Scottsdale Rd. Gen. Partners v. Kuhn Farm Mach., Inc.*, 184 Ariz. 341, 350 (App. 1995). Even assuming the Executive Order applied to the Event, Hernandez was permitted to have a party with no more than 50 guests. Doing so may have reduced the value of Hernandez's bargain, but that reduction would not have been so severe as to qualify as a substantial frustration of purpose. *See id.* Similarly, performance was not impracticable — the record is devoid of evidence that a person necessary for performance died or was incapacitated, a specific thing necessary for performance was destroyed, or performance was prohibited by law. *Id.* at 345. Hernandez argues the Executive Order prohibited the Event, but, as the superior court correctly observed, the seven-hour Event could have taken place with no more than 50 people attending at any one time. For example, Hernandez could have invited 50 guests at a time in one-and-a-half hour increments. The Event was not prohibited, and Hernandez is not entitled to rescission.

¶19 In sum, Old Town's unrebutted statement of facts established that there were no genuine issues of material fact and Old Town was entitled to judgment as a matter of law.

## II.    Denial of Hernandez's Motion for Summary Judgment

**¶20**        Hernandez attempts to appeal the superior court's denial of her prior motion for summary judgment, arguing the court erroneously found that having 200 people at the Event was not a principal purpose of the contract.  "It is well settled that a denial of a motion for summary judgment is a nonappealable, interlocutory order that may be reviewed only by special action." *Sonoran Desert Investigations, Inc. v. Miller*, 213 Ariz. 274, 276 ¶ 2 (App. 2006).  In any event, Hernandez's arguments about the denial of her prior motion for summary judgment are moot considering our conclusion that the superior court properly entered summary judgment for Old Town.

## III.    Superior Court Attorney Fees and Costs

**¶21**        Hernandez argues the superior court erred by awarding Old Town $8,000.00 in attorney fees and $649.55 in costs.  Arizona law allows the "successful party to a civil action" to recover "all costs expended or incurred" and permits the court to award reasonable attorney fees to the successful party in any action arising out of contract.  A.R.S. §§ 12-341, 12-341.01.  We review a superior court's award of attorney fees under § 12-341.01 for an abuse of discretion.  *Modular Mining Sys., Inc. v. Jigsaw Technologies, Inc.*, 221 Ariz. 515, 521 ¶ 21 (App. 2009).  The superior court has discretion to select the successful party, and we will not second-guess that determination if any reasonable basis exists for it.  *Ariz. Biltmore Hotel Villas Condos. Ass'n v. Conlon Grp. Ariz., LLC*, 249 Ariz. 326, 334 ¶ 39 (App. 2020).

**¶22**        The superior court did not abuse its discretion in awarding Old Town a portion of its requested attorney fees.  Hernandez does not dispute that at least three of her four claims arose out of the Contract. Considering the totality of the litigation, Old Town was the successful party because it defeated all of Hernandez's claims.  That is true despite that Old Town stipulated to dismissal of its counterclaim and this court previously vacated summary judgment for improper service. *See id.* at ¶ 40.  Old Town requested $14,763.00 in attorney fees, $649.55 in costs, and $2,372.51 in sanctions.  The superior court instead awarded Old Town $8,000.00 in attorney fees, $649.55 in costs, and refused to award sanctions.  We find no reason to disturb that partial award.

### ATTORNEY FEES

**¶23**        Both Hernandez and Old Town request attorney fees and costs on appeal pursuant to A.R.S. §§ 12-341 and 12-341.01.  Because Old

Town is the prevailing party, we award it reasonable attorney fees and costs on appeal subject to compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

¶24      We affirm the superior court's judgment for Old Town.



AMY M. WOOD • Clerk of the Court
FILED:      JR